**STRELITZ v. SURREY CLASSICS, Inc.**

District Court, S. D. New York.
March 25, 1946.

Morris F. Goldstein, of New York City, for petitioner.

Conrad & Smith, of New York City (Jacob I. Smith, of New York City, of counsel), for respondent.

CAFFEY, District Judge.

Petitioner in this proceeding prays for an order directing respondent to re-employ him in the same position, or its equivalent, in which he was employed prior to his enlistment in the United States Army in August, 1942. Petitioner was honorably discharged in December, 1945.

On February 25, 1946, promptly after service of defendant's answer, petitioner served, pursuant to Rule 38(c) of the Federal Rules of Civil Procedure, 28 U.S.C. A. following section 723c, a demand for a jury trial of four specific issues, viz.:

(1) Was petitioner employed for about eight months prior to his enlistment by respondent as a traveling salesman in a permanent or a temporary position?

(Petitioner alleges that his position was not a temporary one. Respondent admits that petitioner was employed from January 1 to June 30, 1942, as a salesman under a written agreement and that petitioner continued temporarily in its employment for about two months thereafter.)

(2) Did petitioner on several occasions after his discharge demand re-employment in a postion of like status and pay to that which he had occupied on the date of his enlistment?

(Petitioner alleges that on several occasions he sought such re-employment and respondent admits that petitioner did apply for re-employment.)

(3) Were respondent's circumstances so changed, when petitioner first applied for re-employment, as to make it impossible or unreasonable to re-employ him in the same position and covering the same territory?

(This is the subject of respondent's third complete defense.)

(4) The amount of compensation for loss of wages and benefits suffered by petitioner by reason of respondent's failure to re-employ him in the same position and on the same basis on which he had been employed.

(In his prayer for relief petitioner asks for such compensation.)

Respondent promptly thereafter moved to strike out this demand for a jury trial on the ground that the issues herein are not triable by jury under the Constitution or Statutes of the United States. Before the return day of this motion petitioner moved for an order, pursuant to Rule 39(c) of the Federal Rules of Civil Procedure, that the specific issues set forth in his jury demand, as framed therein, be sent to a jury for determination to be used by the court as an advisory verdict before rendition of final judgment. These two motions are before me for determination.

Rule 38(a) of the Federal Rules of Civil Procedure provides that:

"The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate."

■ The statutes under which this proceeding is brought do not provide for a jury trial. They are silent on the subject. The Seventh Amendment limits the right of trial by jury to "suits at common law." Clearly, this proceeding is not a suit at common law. The right afforded by the statute is a right, upon sufficient evidence, to obtain an order of the court specifically requiring the employer to comply with the act and re-employ the discharged soldier. In effect, it is a right to obtain a mandatory injunction, not obtainable in an action at common law but only an action in equity. Rule 38(b) limits the right to demand a trial by jury of "any issue triable of right by a jury."

Petitioner, therefore, is not entitled to a trial by jury of the first three specific issues in his demand. They are issues of an equitable nature. As to the fourth specific issue—the amount of compensation to which he is entitled—if this was the sole purpose of this proceeding, he would be entitled to a jury trial, for he would then be proceeding at common law and seeking a money judgment only. Such an action was held to be maintainable in Hall v. Union Light, Heat & Power Co., D.C., E.D.Ky., 53 F.Supp. 817.

■ Although this proceeding must be considered as of an equitable nature, a trial by jury of what are strictly legal issues may be directed. This is clear under Rule 38(b). See also Keene v. Hale-Halsell Co., 5 Cir., 118 F.2d 332, 335; Ford v. C. E. Wilson & Co. Inc., D.C., 30 F.Supp. 163, 165, 166 (per Hincks, J., in Connecticut); Ryan Distributing Corp. v. Caley, D.C., 51 F.Supp. 377, 379 (per Welsh, J., in the Eastern District of Pennsylvania); Ransom v. Staso Milling Co., D.C., 2 F.R.D. 128, 131 (per Leamy, J., in Vermont).

As Clark, J., said in Sherwood v. United States, 2 Cir., 112 F.2d 587, 591:

"Form of trial is determined for each issue, not for the action as a single unit."

Rule 39(c) of the Federal Rules of Civil Procedure provides that:

"In all actions not triable of right by a jury the court upon motion * * * may try any issue with an advisory jury."

■ Under this rule petitioner has the right to trial by an advisory jury of the first three specific issues in his demand, if the court upon the trial so directs. I do not think that I should make such direction now. It should be left to the trial judge to decide.

I will, therefore, grant respondent's motion with respect to the first three issues in the demand and deny petitioner's motion, without prejudice to his right to renew it upon the trial.

Settle order on two days' notice.