## WHITVER v. AALFS-BAKER MFG. CO.
### Civil Action No. 375.

District Court, N. D. Iowa, W. D.
June 29, 1946.

Fred H. Free and Francis L. Free, both of Sioux City, Iowa, for plaintiff.

Louis S. Goldberg and Jesse E. Marshall, both of Sioux City, Iowa, for defendant.

GRAVEN, District Judge.

### Findings of Fact.

1. This is an action brought by the plaintiff under the provisions of the Selective Training and Service Act of 1940, 54 Stat. 885, 50 U.S.C.A. Appendix, § 308.

2. The plaintiff is now and for a number of years has been a resident of the City of Sioux City, Woodbury County, Iowa. That the defendant is a co-partnership with its principal place of business in the City of Sioux City, Woodbury County, Iowa. That the defendant, Aalfs-Baker Manufacturing Company, a co-partnership, is successor to a corporation which was known as the Aalfs-Baker Manufacturing Company. That in December, 1939, the Aalfs-Baker Manufacturing Company, the corporation, became the owner of the plant and business of a concern known as the H. A. Baker Company. That the H. A. Baker Company had for more than forty years prior to December, 1939, been engaged in the manufacture, sale and distribution of men's work clothes and men's furnishings with

its principal place of business in the City of Sioux City, Iowa. That the defendant, Aalfs-Baker Manufacturing Company, a co-partnership, and its immediate predecessor, the Aalfs-Baker Manufacturing Company, the corporation, have at all times since 1939 been engaged in the manufacture, sale and distribution of men's work clothes and men's furnishings. That the defendant and its predecessors have sold and distributed their merchandise principally in the States of Iowa, Minnesota, Nebraska and South Dakota. That the partners in the defendant co-partnership are M. Wilbur Aalfs, his father, his mother, his two sisters, and a brother. That at all times since December 1, 1942, M. Wilbur Aalfs has been the partner in active charge of the business operations of the defendant partnership.

3. The plaintiff is now thirty-seven years of age. That in 1936 the plaintiff was employed by the H. A. Baker Company as a salesman. That upon the sale of the business of the H. A. Baker Company to the Aalfs-Baker Manufacturing Company, the corporation, in December, 1939, the plaintiff's employment as a salesman was continued. That upon the defendant Aalfs-Baker Manufacturing Company, the co-partnership, succeeding to the business of the Aalfs-Baker Manufacturing Company, the corporation, the plaintiff's status remained the same. That on May 4, 1943, the plaintiff while still in the employ of the defendant was inducted into the military forces of the United States. That the plaintiff from the year 1936 until his induction into the military forces travelled and sold the merchandise of the defendant and its predecessors in what was approximately that part of the State of South Dakota lying east of the Missouri River. Included in said territory was the City of Pierre, South Dakota, lying west of the Missouri River. That excluded from the plaintiff's territory in said eastern portion of South Dakota during said time were the towns of Alsen, Elk Point, and Spink, which are in the southeastern part of South Dakota, and the towns or cities of Astoria, Brantz, Clear Lake, Dell Rapids, Flandreau, and New Effington along the Minnesota border. That the towns and cities just referred to were served by other salesmen. That for a period of time the plaintiff served a few towns in North Dakota but those towns were subsequently relinquished by him. That the plaintiff's regular and normal place of residence while travelling in the South Dakota territory was at Sioux City, Iowa.

4. At the time the plaintiff entered the military forces the basis and method of his compensation was as follows: That he was to have a drawing account of $200 a month based upon an annual sales quota of $70,000 and a commission of three per cent on all sales in excess of $70,000, and he was to receive the sum of $7 a day for his expenses while travelling on the defendant's business.

5. At the time the business and the plant of the H. A. Baker Company was sold to the defendant's corporate predecessor, the said H. A. Baker Company employed ten travelling salesmen. That after the sale of the said business to the defendant's corporate predecessor in December, 1939, the number of salesmen were reduced to six. That the plaintiff was among the six salesmen whose employment was continued.

6. When the plaintiff's induction into the military forces appeared imminent the plaintiff and the defendant entered into a special and temporary arrangement under which the plaintiff was to be paid a commission of five percent on all sales made by the plaintiff which would not be delivered until after he had been inducted.

7. During the year 1942 the plaintiff's total gross sales in the territory referred to amounted to $113,803 and the total compensation received by the plaintiff from the defendant for that period was the sum of $3,701.25.

8. From the time that the plaintiff was inducted into the military forces on May 4, 1943, and up until July, 1945, no salesman of the defendant regularly travelled the territory formerly served by the plaintiff but that territory was served by several part time salesmen. That in July, 1945, one Lester Aalfs, a cousin of M. Wilbur Aalfs, was employed by the defendant as one of its regular salesmen and assigned the ter-

ritory formerly travelled by the plaintiff. That the said Lester Aalfs has since that time travelled the said territory as salesman for the defendant and is still travelling said territory as a salesman for the defendant. That the said Lester Aalfs had not prior to July, 1944, been in the employ of the defendant or its predecessors in any capacity and was a new employee of the defendant. That the said Lester Aalfs was and is a non-veteran. That the said Lester Aalfs, since July, 1945, has made his residence in Sioux City, Iowa, and still resides there.

9. There are a number of factors which are of importance in determining whether a particular territory is desirable and profitable from a sales point of view. Some of these important factors are, the nearness of the sales territory to the principal place of business of the seller, the nature and extent of the competition, and the particular salesman covering the territory. That among the important factors so far as the salesman is concerned is, his ability and experience, his acquaintanceship with the customers in that territory and his knowledge of the affairs of the customers. That a salesman has to travel a territory for several years in order to form the necessary acquaintanceship with the customers and to acquire helpful knowledge of the affairs of the customers. That without such knowledge and acquaintanceship he cannot develop, build up, and hold a large and profitable business.

10. The plaintiff was and is an experienced and successful salesman. That for some time prior to his induction in the military forces he had led all of the six salesmen of the defendant in volume of sales and was known as the defendant's number one salesman. That the plaintiff had developed a good acquaintanceship with the customers in the territory travelled by him. That the plaintiff had built up among such customers trust and confidence and good will. That the plaintiff had acquired a large amount of helpful knowledge as to the affairs of said customers.

11. On January 2, 1946, the plaintiff was honorably discharged from the military forces of the United States. That at the time of his discharge the plaintiff was and he still is in good physical condition and able to perform and successfully perform the duties of a travelling salesman for the defendant.

12. On January 24, 1946, the plaintiff requested of the defendant that he be restored to his former position as salesman in the South Dakota territory formerly travelled by him. That shortly prior thereto the defendant had included in the Dakota territory travelled by Lester Aalfs the cities and towns in southeastern South Dakota and along the Minnesota border which formerly had been included in the territory of other salesmen. That the said inclusion did not constitute a major or important change in this said territory. That at the time of the plaintiff's request to be restored as defendant's salesman for the eastern part of South Dakota there had been no substantial change in the size or character of that territory.

13. The defendant on January 24, 1946, refused to restore the plaintiff to his former position as salesman for the defendant in the eastern South Dakota territory and at all times since January 24, 1946, has refused to restore the plaintiff to such position and still refuses to so do.

14. The defendant at the time of the plaintiff's request for restoration and several times thereafter offered the plaintiff what it claimed was a position of like seniority, status, and pay. All of those offers have been rejected by the plaintiff and have been since withdrawn by the defendant. That the first of the said offers by the defendant to the plaintiff was that the defendant should act as its salesman in the State of Minnesota and in that part of Iowa lying north of U. S. Highway Number 18. That subsequently the defendant proffered to the plaintiff only that territory included in the State of Minnesota. That in 1943 the gross salesman's sales made by the defendant in the South Dakota territory formerly served by the plaintiff was $128,464. That in 1944 the said sales for said territory were $160,628. That in 1945 with the former excluded South Dakota cities and towns included the gross sales from said territory were

$151,828. That in 1945 the said sales in the State of Minnesota plus the said sales in that part of Iowa lying north of U. S. Highway Number 18 amounted to $133,475. That in 1945 the said sales in the State of Minnesota alone amounted to $92,106. That because of the nature and extent of the competition in most of the State of Minnesota and because the business of the defendant in that territory had been deteriorating for some time the said proffered territory was less desirable for sales purposes for a travelling salesman than was the territory formerly travelled by the plaintiff in South Dakota.

15. There was and is no practice and custom among those engaged in lines of business similar to that of the defendant to change or rotate travelling salesmen from one territory to another and the defendant had no such custom or practice. That it was and is the practice and custom of the defendant and others engaged in that line of business to keep their successful salesmen in the same territory.

16. The defendant during the period while the plaintiff was in the military forces acquired an additional factory in Iowa and two additional factories in Nebraska and is now able to supply merchandise in greater volume than when the plaintiff was in its employ as a salesman.

17. While in the immediate present there is a general shortage of merchandise, the defendant has not laid off any of its salesmen or reduced the number of its salesmen.

18. There has not been and there is not now any business exigency or special or unusual circumstances which justified or justify the defendant in not restoring the plaintiff to his former position as salesman in the territory in South Dakota heretofore referred to. That the plaintiff has manifested irritation with the defendant over its refusal to restore him to his former position and the defendant has manifested displeasure with the plaintiff because of his resorting to the procedure provided by the Selective Training and Service Act of 1940 to secure his restoration. That the said irritation and displeasure has been occasioned and brought about by the defendant's wrongful refusal to comply with the provisions of that Act. That the relationship of the parties is not such as to prevent the plaintiff from successfully performing the duties of salesman for the defendant in the South Dakota territory referred to. That there has not been any change in circumstances so as to make the plaintiff's restoration to that position unreasonable or impossible. That the sole and only reason of the defendant not restoring the plaintiff to his former position was and is that the defendant desires to have Lester Aalfs have the position that the plaintiff had at the time he was inducted into the military forces.

19. In connection with the proffered offers of territory by the defendant to the plaintiff the defendant made the following offer in regard to the matter of compensation: That it would give the plaintiff a drawing account of $200 a month based upon a yearly sales quota of $70,000 with a commission of three percent on sales in excess of $70,000 and an allowance of $7 per day for travelling expenses. That the said offer of compensation did not constitute an offer to restore the plaintiff to a position with like pay to that which he had when he was inducted into the military forces, because the volume of sales in the proffered territory would be smaller.

20. The defendant claims that it offered to the plaintiff in connection with its proffered offers of territory a guarantee based as follows: That it would ascertain the gross sales of merchandise sold by Lester Aalfs in the South Dakota territory in 1946 and pay the plaintiff compensation based on such sales. The Court finds that while the defendant made some vague, indefinite and general statements to others in regard to making the plaintiff's total compensation the same in the proffered territory as it would have been in his former territory, yet no definite offer was made by the defendant to the plaintiff for compensation in accordance with the basis just referred to. That such an offer if it had been definitely and directly made to the plaintiff by the defendant would not have amounted to the substantial equivalent of the pay that the plaintiff might have received if he had been restored to his former

territory for the reason it would have made the plaintiff's compensation dependent upon the work and efforts and the time spent by a third person travelling in a new territory where that person's sales might or might not be as large as the plaintiff's sales would have been had he travelled the territory himself. That the only definite offer for compensation made by the defendant in connection with the proffered offers of new territory was the offer of the defendant to give the plaintiff a drawing account of $200 a month based upon the yearly sales quota of $70,000 and a commission of three per cent on sales in excess of $70,000 and $7 a day for travelling expenses. That said offer of compensation made by the defendant in connection with the proffers of territory did not constitute an offer to restore the plaintiff to a position of like pay held by him at the time of his induction into the military forces.

### Conclusions of Law.

1. This Court has jurisdiction of the parties and of the subject matter of this action.

2. The defendant has wrongfully refused to comply with the provisions of the Selective Training and Service Act of 1940 in that it has refused to restore the plaintiff to his former position with it with the same seniority, status, and pay and has refused to restore the plaintiff to a position of like seniority, status and pay.

3. The plaintiff has done and performed all the matters and duties on his part to be performed in order to be entitled to restoration of his former position and to maintain this action.

4. The defendant on July 1, 1946, should restore the plaintiff to his former position as salesman for the defendant for the territory in eastern South Dakota now being served by Lester Aalfs at the following compensation: A drawing account of $200 per month upon a yearly sales quota of $70,000; three per cent commission on sales over $70,000, and with an allowance of $7 a day for travel expenses.

5. As incident to such restoration the Court retains jurisdiction to determine what compensation should be awarded the plaintiff because of the loss of compensation suffered by him by reason of the defendant's wrongful refusal to restore him to his former position.