# KENT v. TODD HOUSTON SHIPBUILDING CORPORATION.

## No. 2364.

District Court, S. D. Texas,
Houston Division.
June 4, 1947.

Brian S. Odem, U. S. Atty., and W. F. Leigh, Asst. U. S. Atty, both of Houston, Tex., for plaintiff.

Kayser, Liddell & Austin and W. O. Huggins, Jr., all of Houston, Tex., for defendant.

KENNERLY, District Judge.

Plaintiff, an electrician, was, before he entered the Army, employed by defendant, a builder of ships. Plaintiff's position was "Foreman of the Ship Electrical Department, Department No. 7." Soon after his discharge from the Army, he was on June 20, 1945, restored by Defendant to the same position. After about six months, because of the end of hostilities, Defendant on December 8, 1945, ceased building ships, and plaintiff was discharged. This is a suit by plaintiff against defendant under the provisions of the Selective Training & Service Act of 1940 and Amendments, and particularly the provisions thereof respecting the restoration of servicemen to their jobs or positions after their discharge from the service. Title 50, U.S.C.A. Appendix, § 308. He does not seek to require defendant to restore him to his former position, but only sues for wages which he says he would have earned had he been so restored. In his pleadings, he alleges that had he been so restored, he would have earned wages from December 8, 1945, the time of his discharge, to June 1, 1946, at the same rate of pay which he was receiving prior to entering the Army. In his brief, however, he says that he is

seeking to recover only such wages from December 8, 1945, to February 16, 1946.

The facts are these:—

(a) They have in part been stipulated as follows:—

"I. Plaintiff is a resident of Houston, Harris County, Texas.

"II. Defendant was and is a private corporation duly incorporated and existing under the laws of the State of Delaware, and was and is operating and doing business in the State of Texas under a duly authorized permit issued by the Secretary of the State of Texas, and, was carrying on its business in Harris County, Texas, at all times material to the facts at issue in this cause.

"III. Defendant employed plaintiff as a leaderman at a shipyard on or about August 25, 1941, and plaintiff held that position until on or about March 1, 1942, on which date defendant promoted plaintiff to position of Foreman, Ship Electrical Department, Department No. 7.

"IV. Plaintiff remained in defendants employment and services in the position of Foreman, Ship Electrical Department, Department No. 7, from on or about March 1, 1942, until on or about March 9, 1943.

"V. Plaintiff, on or about March 4, 1943, was ordered to report for induction into the Armed Services of the United States by Local Draft Board No. 12, Houston, Harris County, Texas, and, on said date reported for induction and was accepted for service in the Army of the United States of America.

"VI. Plaintiff reported for duty at the Army Induction Station, Houston, Texas, on March 11, 1943, and on said date entered into active service with the Army of the United States of America, and, remained on active duty until on or about June 5, 1945, on which date he received an Honorable Discharge from the Army of the United States of America.

"VII. Plaintiff, on or about June 20, 1945, after applying for reemployment with defendant, in due course, was re-employed as Foreman of the Ship Electrical Department, Department No. 7, and continued to be so employed until on or about December 8, 1945.

"VIII. Plaintiff was discharged by defendant on or about December 8, 1945, and was re-employed by defendant on or about February 13, 1946.

"IX. Plaintiff left defendants employment on or about March 31, 1946.

"X. On or about February 11, 1946, the United States Maritime Commission ordered defendant to abolish the position of Foreman, Electrical Maintenance Department, a position to which plaintiff sought to be reinstated, and such position was abolished with the pay period ending February 15, 1946; thereafter, on and after February 16, 1946, defendant had no such position as Foreman, Electrical Maintenance Department, nor a position of like seniority, status and pay.

"XI. On and after September 28, 1945, defendant and the United States Maritime Commission were operating under a written agreement, attached to defendant's answer on file herein and marked for identification, Exhibit 'A'."

(b) Defendant was organized in 1941 as a war emergency project, solely for the purpose of constructing ships for the United States Maritime Commission at the shipyard and with the equipment wholly owned by such Commission near Houston, Texas, and that was defendant's sole and only activity. A copy of defendant's contract with such commission is in evidence.

(c) The construction of ships continued until VJ-Day (August 14, 1945). After that day, defendant's sole and only activity was finishing the work on hand. All such work was finished by December 8, 1945. Thereafter the defendant's sole and only work was as custodian of the shipyard and equipment, etc. and preserving same for the Commission.

(d) On December 8, 1945, when the construction of ships came to an end, plaintiff's position of "Foreman of the Ship Electrical Department, Department No. 7", (such as is mentioned in Paragraph VII of the Stipulation) came to an end. After December 8, 1945, defendant did not have a position of like seniority, status and pay.

(e) As custodian of the shipyard and in preserving the properties of the Commission, defendant did have after December 8, 1945, a position known as "Foreman of the Electrical Maintenance Department," and it is to this last named position that plaintiff says he should have been restored or been reemployed. The two positions, however, were quite different. The first named position was merely the electrical work in the construction of ships, and the last named position was one of much wider range and more complicated and difficult than the first named position. The last named position required knowledge and training which plaintiff did not have, and plaintiff was not competent to do and perform the work of such position during the period of time from December 8, 1945, to February 16, 1946, and could not have been trained to do such work within such time. Such last named position was abolished by the Maritime Commission as stated in the above quoted Paragraph X of the Stipulation.

(f) When plaintiff was reemployed by defendant on February 13, 1946 (Paragraph VIII of the Stipulation), same was as leaderman, which was not a position of like seniority, status and pay to that of "Foreman, Ship Electrical Department, Department No. 7," nor to that of "Foreman of the Electrical Maintenance Department."

1 :—Little light is thrown on the matter either by the cases which plaintiff cites [1] or by the cases which defendant cites.[2]

■ Defendant questions the jurisdiction of the Court. It insists that in order to recover for the loss of wages and benefits suffered by an employee, such employee must sue to require the employer to

[1] Grasso v. Crowhurst et al., D.C., 58 F.Supp. 857; Kaplan v. Todd Shipyards Corp.,* (Memorandum Findings of Fact and Conclusions of Law, District of New Jersey). Kay v. General Cable Corp., 3 Cir., 144 F.2d 653; Morgan v. Wheland Co., D.C., 66 F.Supp. 439.

[2] Bryan v. Griffin, D.C., 67 F.Supp. 714; Gualtieri et al. v. Sperry Gyroscope Co., Inc., D.C., 67 F.Supp. 219; Olin Industries v. Barnett et al., D.C., 64 F.Supp. 722.

* No opinion for publication.

restore him to his former position. He says that since plaintiff here sues only for loss of wages and benefits, and not to be so restored, that this Court is without jurisdiction.

I think that this contention is without merit. I think that an employee can either sue his employer to be restored to his former position, or for loss of wages and benefits, or for both. Hall v. Union Light & Power Co., D.C., 53 F. Supp. 817, 818.

■ 2:—From the evidence, it is perfectly clear as stated, that defendant was organized during the war emergency solely to have charge of the shipyard and equipment owned by the United States Maritime Commission and construct ships for the Commission, and that it did nothing else. After the end of the war, when the necessity for the construction of ships ceased, such work of defendant ended on December 8, 1945. When the work of the construction of ships ended, plaintiff's position as "Foreman of the Ship Electrical Department, Department No. 7," which had to do with the construction of ships, came to an end, and defendant had no other position of like seniority, status and pay. I find nothing in the Act which requires defendant to seek other work or ship construction or do any other thing in order that it might have or continue to have such a position and employ plaintiff therein.

■ ■ 3:—Defendant was not required after the work of constructing ships ended on December 8, 1945, to reemploy plaintiff nor to place plaintiff in any position unless there was a position of like seniority, status and pay to that in which he was formerly employed. As stated, there was none. There was a position known as "Foreman of the Electrical Maintenance Department," but the duties of that position were quite different from the position which plaintiff had formerly held, and plaintiff was not competent between December 8, 1945, and February 16, 1946, to perform the duties of that position. Defendant was not required under the law to place plaintiff in the position of "Foreman of the Electrical Maintenance Department."

■ 4:—The concluding paragraph of plaintiff's brief is as follows:—"In the alternative, Plaintiff respectfully submits that even though this Honorable Court should find that Plaintiff was not qualified to hold the position of foreman of the Electrical Maintenance Department, this Court should hold that he was qualified to perform the duties of leaderman during the period of time from December 8, 1945, until February 13, 1946; that there was such an available position being held by the defendant's witness, Spradling; that Plaintiff was entitled to that position, and that he should be allowed recovery in the amount of a leaderman's salary during the above-stated period of time."

I am doubtful if plaintiff's pleadings present this issue, and I do not think the evidence supports this contention. Further, I do not think this contention is sustained by either the letter or spirit of the Act. The Act only gives the right of restoration to the employee's former position or to a position of "like seniority, status and pay." It does not require a search for a position for the employee nor his restoration to a position of a higher or lower status, or higher or lower pay, or of a different seniority. To so require would unduly disturb the employer and his employees and disrupt his organization.

5:—According to the stipulation, plaintiff was reemployed by defendant on or about February 13, 1946. This employment was as "Leaderman" and plaintiff claims the right to recover the difference between the wages paid plaintiff during three days (February 13, 14, and 15) as "Leaderman," and the wages plaintiff would have received as "Foreman of the Ship Electrical Department, Department No. 7." This claim is not meritorious. Since, as has been seen, the position of "Foreman of the Ship Electrical Department, Department No. 7" ended on December 7, 1945, and since defendant had no other position of like seniority, status and pay, Plaintiff may not recover such difference.

From what has been said, it follows that judgment should be and will be rendered for defendant. Let proper decree be drawn and presented.