## UNITED STATES v. SHAUGHNESSY.
### Civ. A. No. 8355.

United States District Court
D. Massachusetts.

Oct. 6, 1949.

Roy M. Fitzmorris, and Charles J. Delaney, Boston, Mass., for plaintiff.

Harold J. Field, Fowler, Bauer, Field & Elton, Boston, Mass., for defendant.

SWEENEY, Chief Judge.

This action was brought by the United States, based upon an alleged overcharge by the defendant of monthly rentals in violation of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix § 1895 et seq. The Government seeks injunctive relief against the defendant, and demands the statutory damages for the alleged violations. The damages sought are in the nature of a penalty when sued for by the United States, and this right to sue exists only where the tenant himself has failed to bring his action. It is essentially what would be an old action in equity and, as such, is triable before a court without a jury. Pallant v. Sinatra et al., D.C., 59 F. Supp. 684; Arnstein v. Twentieth Century Fox Film Corporation et al., D.C., 3 F.R.D. 58. See National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 48, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352, where the court stated that the right to a trial by jury has no application to cases where a recovery of money damages is an incident to equitable relief even though damages might have been recovered in an action at law, and cases cited there.

The motion to strike the case from the jury list is allowed, and the case is transferred to the nonjury list for trial.