**UNITED STATES v. HART et al.**

Civ. A. No. 434.

United States District Court
E. D. Virginia, Alexandria Division.

Oct. 13, 1949.

788

Louise F. McCarthy, Office of Housing Expediter, Washington, D. C., John A. Sieber, Area Rent Attorney, Office of Housing Expediter, Lima, Ohio, for plaintiff.

Donald S. Caruthers, Washington, D. C., Howard W. Smith, Jr., Alexandria, Va., for defendants.

BRYAN, District Judge.

The plaintiff has moved to strike the defendants' demand for a jury in this case, saying that the plaintiff's claims are equitable in character and not triable by a jury as of right.

The action is brought under the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, §§ 901–946, and under secs. 205 and 206 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. Appendix, §§ 1881–1902. It seeks a mandatory injunction to compel the defendants as landlords to refund to certain of their tenants amounts alleged to be overcharges in rents, a preliminary and final injunction restraining the defendants from further violation of the Housing and Rent Act of 1947 and the regulations issued thereunder, and a judgment against the defendants for treble damages, in accordance with the terms of the Acts, the damages to be credited with the amounts of such refunds as may be made pursuant to the mandatory injunctions.

The position of the United States is that the action engages the "inherent equitable jurisdiction" of the court as well as the equitable powers of enforcement expressly conferred by the statutes upon the court. The United States avers that as the equity powers of the court have been appropriately invoked, the court may proceed to award, in equity, the treble damages stipulated in the statutes, on the well established principle that equity having assumed jurisdiction will give complete relief, including legal relief such as the award of damages.

In respect to the injunctive relief, both mandatory and prohibitory, the action is obviously equitable in nature, and no jury could be demanded for its trial, but in regard to the claim for treble damages a more difficult problem is posed. Undoubtedly the United States may upon proper proof obtain a mandatory injunction requiring the defendant landlords to refund to their tenants the amounts of any overcharges in rents collected from them. Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332. This relief would be granted in the exercise by the court of its general equitable powers and of the specific powers conferred by the statutes upon the court for their enforcement.

However, the Court is of the opinion that any award of damages under the Acts (50 U.S.C.A.Appendix, § 925(e) and 50 U.S.C.A.Appendix, § 1895, which are sec. 205(e) of the Act of 1942 and sec. 205 of the Housing and Rent Act of 1947), may be granted by the court only when sitting as a court of law. The "damages" recoverable under the Acts, consisting of three times the amount of the overcharges, may not be allowed by a court of equity. Porter v. Warner Holding Co., 328 U.S. 395, 401, 402, 66 S.Ct. 1086, 90 L.Ed. 1332.

The Court recognizes the firmly established principle that an equity court may grant legal relief, including damages, when

it is incidental to the exercise of its equity powers, but that principle cannot prevail here for two reasons. The first is that Porter v. Warner Holding Co. has held squarely against it. As to the award of the statutory damages as a part of the equitable relief, Justice Murphy said, "To the extent that damages might properly be awarded by a court of equity in the exercise of its jurisdiction under § 205(a), § 205(e) supersedes that possibility and provides an exclusive remedy relative to damages." 328 U.S. at page 401, 66 S.Ct. at page 1090. The second reason is that the principle has never been extended to allow an equity court to grant punitive damages, U. S. v. Bernard, 9 Cir., 202 F. 728, 732, and treble damages are "in the nature of penalties." Porter v. Warner Holding Co., supra, 328 U.S. 401, 66 S.Ct. 1091.

The defendants insist that one of the issues to be submitted to the jury is the willfulness vel non of the landlord in making the overcharge, the statutes relieving him of liability for the penalties in the absence of willfulness. But under the Act of 1942, and its amendments, this was an issue for the court and not for the jury, chiefly because those statutes directed the assessment of the penalties "as the court in its discretion may determine", after taking the landlords' plea in consideration. Shearer v. Porter, 8 Cir., 155 F.2d 77, 81. Thus on that issue, under the 1942 Act, as amended, the distinction between equity and law would be academic, the court deciding the matter in either forum. Now it must be noted that the Housing and Rent Act of 1947 omits the clause "as the court in its discretion may determine". This omission may remove the ground for holding the issue of willfulness to be for the court alone, but the Court does not at this time pass upon that question.

The conclusion of the Court on the present motion is that insofar as the United States seeks a decree directing the refund of the overcharges to the tenants, a jury will not be allowed in the trial of the issue; but on its claims for damages under secs. 205(e) and 205, respectively, of the Acts, that is, for the overcharges plus twice the amount thereof, a jury must pass.

As this case is now set for trial on October 28th, Government counsel are requested to file within a few days a simple statement setting forth succinctly the dates and amounts of the overcharges, with the names of the tenants involved, upon which the plaintiff will demand treble damages, so that the Court may readily ascertain what claims are to go before the jury.