### UNITED STATES v. STRYMISH.
#### Civ. No. 8597.

United States District Court
D. Massachusetts.

Nov. 3, 1949.

**1000**

Roy M. Fitzmorris, Attorney Office of the Housing Expediter, Boston, Mass., Charles J. Delaney, Needham Heights, Mass., for plaintiff.

Maurice H. Kramer, Boston, Mass., for defendant.

FORD, District Judge.

This is an action by the United States against defendant landlord under the provisions of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, §§ 1881–1884, 1891–1906. The complaint alleges rent overcharges and asks treble damages under Section 205 of the Act, as amended by Section 204 of the Housing and Rent Act of 1949, and injunctive relief under Section 206(b) of the Act. Plaintiff has moved to strike defendant's claim for jury trial and to remove the cause from the jury calendar.

■ If the action were one for treble damages alone, defendant would be entitled to jury trial on the issues of fact. Plaintiff, indeed, contends that this is not so, on the ground that there is no express statutory requirement of jury trial under the Act, and that the case does not fall within the scope of the Seventh Amendment to the Constitution since a statutory action for treble damages was unknown to the common law at the time of the adoption of the Amendment in 1791. The decisive fact, however, is that under the older system of separate law and equity procedure, this would have been an action at law. It is not important that the right enforced by such an action at law is a purely statutory creation of recent date rather than a right existing at common law in 1791. The fact that the action is based on a statute does not deprive either party of a right to trial by jury. The claim for damages is legal— in the nature of a suit at common law—and hence triable by a jury as of right. At common law claims for damages were for the jury before the passage of the Seventh Amendment. National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 46, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352; Shields v. Thomas, 18 How. 253, 262, 15 L.Ed. 368; Arnstein v. Porter, 2 Cir., 154 F.2d 464 and cases there cited;

Bellavance v. Plastic-Craft Novelty Co., D. C., 30 F.Supp. 37, 39. The Supreme Court has said, in speaking of similar statutory rights to treble damages under the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note, "* * * when a penalty of triple damages is sought to be inflicted, the statute should not be read as attempting to authorize liability to be enforced otherwise than through the verdict of a jury in a court of common law." Fleitmann v. Welsbach Street Lighting Co., 240 U.S. 27, 29, 36 S.Ct. 233, 235, 60 L.Ed. 505.

■ This result is not affected by the fact that the claim for treble damages is here joined with a claim for injunctive relief, even though in an action for injunctive relief alone there would be no right to claim jury trial. There is a large class of cases in which it has been held that there is no right of trial by jury on the issue of damages to be awarded in a proceeding in equity, even though the damages might have been recovered in a separate action at law, where the award of damages is merely incidental to the equitable relief which is sought. This case is not within that class. The claim for treble damages and the issues raised therein are independent of the claim for equitable relief. The relief granted in the latter claim is dependent upon the right of recovery in the former; the injunctive relief is incidental to the claim for damages. The damages here sought are not the ordinary damages given as incidental to injunctive relief. Plaintiff seeks to enforce a special claim to statutory treble damages. It bases its claim, not on the equity powers of the court, but expressly on the provisions of Section 205 of the Act. The claim for treble damages and the claim for injunctive relief are distinct and separate causes of action based on separate sections of the statute, even though it is proper to join them in one complaint. Bowles v. National Erie Corporation, D.C., 3 F.R.D. 469, 470. They might well have been stated in separate counts, one for "legal" relief under Section 205 and one for "equitable" relief under Section 206. In that case it is clear that defendant would be entitled to jury trial on the count for statutory damages.

Bruckman v. Hollzer, 9 Cir., 152 F.2d 730. But this right is not lost because the two claims appear to be joined as here in a single statement of claims and not in separate counts. It is the issues, and not the form of the complaint, which determine the method of trial. Beaunit Mills, Inc., v. Eday Fabric Sales Corp., 2 Cir., 124 F.2d 563. Issues triable by jury can be separated, and the right to jury trial on those issues is preserved. The equitable claim can be tried to the court. The fact that the plaintiff has claimed a jury trial on the whole case and not specified the issues to be tried to the jury presents no problem. The court on its own motion can designate the issues to be tried to the jury. Ring v. Spina, 2 Cir., 166 F.2d 546; Federal Rules of Civil Procedure, rule 39(a), 28 U.S.C.A.

As stated, the case stated in the complaint is basically and primarily an action for treble damages with an incidental demand for injunctive relief. As a practical matter it is the provision authorizing treble damage suits by the United States which now provides the effective sanction for the enforcement of the provisions of the Act. It was added to the Act by the 1949 amendment because Congress felt that the previous provisions of the law had not proven effective in securing compliance with the law. Senate Report No. 127, 81st Congress, 1st Session, March 17, 1949.

Plaintiff's motion is denied.