### UNITED STATES v. FRIEDLAND et al.
#### Civ. No. 2821.

United States District Court
D. Connecticut.
April 24, 1950.

Edmund M. Sweeney, Litigation Atty., Office of the Housing Expediter, Boston, Mass., for plaintiff.

Herman N. Horwitz, New Haven, Conn., for defendants.

HINCKS, Chief Judge.

This action arises under the Housing and Rent Act of 1947, as amended, Public 31, 81st Cong., 1st Sess., 50 U.S.C.A. Appendix, § 1881 et seq. The plaintiff seeks injunctive relief with treble damages or with restitution and double damages, under Sections 205 and 206(b) of the Act. The motions about to be considered were submitted on briefs, the parties having waived oral argument.

### I.

Defendants' Motion for Jury Trial and Plaintiff's Motion to Strike Defendants' Claim for Jury Trial.

Defendants' "motion" for jury trial was filed and served on the plaintiff less than ten days after service of defendants' answer, or within the time prescribed by Rule 38(b), Fed.Rules Civ.Proc. 28 U.S.C.A. Plaintiff has treated it as a demand for jury trial within the Rule, and I will so consider it.

The question presented is whether the plaintiff's demand for treble damages in this case is triable to a jury as of right. The Rent Act is silent as to the subject. Consequently, if the right exists, it must be because conferred by the Seventh Amendment to the Constitution of the United States. The Government contends that since the Seventh Amendment preserves to litigants only that right to jury trial which existed under the common law when the Amendment was adopted, N. L. R. B. v. Jones & Laughlin Steel Corp., 1937, 301 U.S. 1, 48, 57 S.Ct. 615, 81 L.Ed. 893 and since this is a statutory action unknown to the common law, the right does not extend to this case. But the fact that the action is of statutory origin does not deprive the defendants of jury trial, Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464. For instance, beyond doubt an action under the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note, for treble damages is triable before a jury as of right. Fleitmann v. Welsbach Street Lighting Co., 1915, 240 U.S. 27, 36 S.Ct. 233, 60 L.Ed. 505. And an action such as the present appears to have similar attributes.

The Government further contends that when money damages are sought as an incident to equitable relief, the right to jury trial has no application, even though damages might have been recovered in an action at law. N. L. R. B. v. Jones & Laughlin Steel Corp., supra. This principle is not in doubt, but it is not decisive of the present case. The treble damage provision of the Act represents an exclusive remedy, having no relation to the equitable jurisdiction of the court under which restitution and injunctive relief may be granted. Porter v. Warner Holding Co., 1946, 328 U.S. 395, 401, 66 S.Ct. 1086, 90 L.Ed. 1332. The assessment of treble damages, moreover, is penal, Porter v. Warner Holding Co., supra, 328 U.S. at pages 401–402, 66 S.Ct. 1086 and not the proper function of a court of equity: here again the case presented is distinguishable from N. L. R. B. v. Jones & Laughlin Steel Corp., supra, where the relief granted by the Board, namely, reinstatement of an employee and payment of wages for time lost, was plainly remedial and more resembling the claim here for restitution, which is definitely not triable to a jury.

Finally, the Government asserts that the facts to be presented to the court for equitable relief under Sec. 206(b) of the Act are identical with facts which must be presented for treble damages under Sec. 205. Under Sec. 205, however, the issue of defendants' willful conduct may be

raised, and if the defendants prove lack of willfulness treble damages may not be assessed against them. Under Sec. 206(b) there is no such issue.

■ In view of the foregoing, I conclude that defendants are entitled to jury trial of the issues raised by the Government's claim for treble damages under Sec. 205 of the Act. In reaching this conclusion, I do not overlook United States v. Shaughnessy, D.C.D.Mass.1949, 86 F. Supp. 175; Creedon v. Arielly, D.C.W.D. N.Y.1948, 8 F.R.D. 265; and the four unreported decisions cited by plaintiff, all of which are contrary to my holding. United States v. Strymish, D.C.D.Mass.1949, 86 F. Supp. 999 and United States v. Hart, D. C.E.D.Va.1949, 86 F.Supp. 787 support my conclusion and seem better reasoned cases. It follows that defendants' "motion" or demand for jury trial must be allowed insofar as it pertains to the plaintiff's claim for treble damages, and plaintiff's motion to strike defendants' claim for jury trial must be denied.

The co-pendency of issues for the jury and issues for the court involve no insuperable difficulty. Such a situation can readily be dealt with by the technique developed in my opinion in Ford v. C. E. Wilson & Co., D.C., 30 F.Supp. 163.

Defendants' Motion to Drop Two of the Parties Defendent, and Defendants' Motion for a Continuance.

■ The complaint states a claim for relief against all three defendants. Defendants in urging that the action be dismissed as to two of their number state no legal ground upon which such a dismissal could be predicated, and accordingly the motion must be denied.

[11] The "motion for a continuance" filed by defendants was directed to the original trial date. Since that date has already passed, it is unnecessary to consider the motion. The case, however, may be added to the jury list for May 8, 1950.

Ordered accordingly.