## UNITED STATES v. MESNA et al.

### Civ. A. No. 3338.

United States District Court.
D. Minnesota, Fourth Division.

Nov. 18, 1950.

O. A. Brecke, of Minneapolis, Minn., for defendants, in support of the motion.

Alex Dim, Chief Area Rent Attorney, Office of Housing Expediter, Minneapolis, Minn., in opposition thereto.

NORDBYE, Chief Judge.

This matter is before the Court on defendants' motion pursuant to Rule 39 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for transfer of the action to the jury calendar from the court calendar.

Defendants own a multiple dwelling property which plaintiff contends is and has been subject to the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix §§ 1881 et seq., during all times relevant to this action. The action is brought by plaintiff (1) to obtain an injunction prohibiting defendants from charging rent in excess of the legal maximum rent set for the property by the Housing Expediter, (2) to obtain an order compelling defendants to refund to the tenants the rent charged by defendants in excess of the ceiling set by the Housing Expediter, and (3) to recover treble damages in an amount equal to three times the amount of the alleged overcharges unless restitution to the tenants is ordered and made. If the Court orders, and defendants make, restitution of overcharges to the tenants, plaintiff requests that then defendants be ordered to pay to plaintiff only the treble damages less any amount paid out as restitution payments. The relief is sought in separate counts stated in plaintiff's complaint.

Defendants did not demand a jury trial within the period allowed by Rule 38 of the Federal Rules of Civil Procedure, and they

now make this motion for a jury trial of the treble damages issue. The motion is approximately two and one-half months late. Plaintiff objects to the granting of defendants' motion upon two grounds: (1) defendants' motion is too late, (2) defendants have no right to a jury trial regardless of when they make their motion or demand for a jury trial.

■ Rule 39(b) of the Federal Rules of Civil Procedure provides that the Court, in its discretion, may order a jury trial notwithstanding the defendants' failure to demand a jury within the prescribed period if, within the required period, defendant could have demanded a jury as a matter of right. In the instant case defendants failed to demand a jury through sheer inadvertence. The plaintiff shows no facts which establish that it would suffer any prejudice or hardship if the Court grants defendants' motion for a jury trial despite the delay. For the Court to refuse the defendants a jury trial merely because of its excusable inadvertence would not be proper on this record. Consequently, the main question here is whether defendants are entitled to a jury trial as a matter of right upon the issue of treble damages. Defendants correctly recognize in their brief that the injunction and restitution features of the action are equitable matters to which they are not entitled to a jury. As the plaintiff points out, defendants are entitled to a jury trial only upon those common law matters as to which jury trials existed in 1791. Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603. The question in the instant case, therefore, is whether the treble damages question is in the nature of matters upon which a jury trial was given at common law in 1791.

Other courts have passed upon the issue presented several times with differing results. Some have held that defendant is entitled to a jury as a matter of right under the Seventh Amendment to the United States Constitution. United States v. Jepson, 1950, D.C.N.J., 90 F.Supp. 983, at pages 984, 985; United States v. Hart, D.C.E.D.Va., 1949, 86 F.Supp. 787; United States v. Strymish, U.S.D.C.Mass., 86 F.Supp. 999;

United States v. Friedland, D.C.Conn., 1950, 94 F.Supp. 721. Some courts have denied the right to a jury trial. United States v. Shaughnessy, D.C.Mass., 1949, 86 F.Supp. 175; Creedon v. Arielly, D.C.W.D.N.Y., 1948, 8 F.R.D. 265; United States v. Friedman et al., D.C.S.D.Iowa, 1950, 89 F.Supp. 957.

■ As a result of these decisions and cases noted therein, they collectively constitute a substantial presentation of the arguments pro and con concerning the right to a jury trial upon the treble damages issue. Careful study of the decisions and their supporting reasons, together with the other cases which throw light upon the question, establishes that the first group of cases cited—those which hold that the defendant is entitled to a jury trial as a matter of right under the Seventh Amendment to the United States Constitution—represent the sounder and I believe correct rule.

■ Obviously, these particular treble damage suits based upon a statute creating a ceiling on rents never existed at common law. But that is not the test which determines the right to a jury trial herein. There were statutory penalties at common law, United States v. Jepson, D.C., 90 F.Supp. 983, and suits for such penalties were tried as common law actions because the moneys due under such statutes give rise to a debt. The law issues in this proceeding grow out of a claim for moneys due and owing. The claim is not merely incidental to an equitable issue. It is a separate and distinct claim in debt although it arises out of and is based upon statute. The court which determines this issue sits as a court of law, not as a court of equity. Porter v. Warner Holding Co., 328 U.S. 395, 401, 66 S.Ct. 1086, 90 L.Ed. 1332. The language of Judge Fake in United States v. Jepson, supra, 90 F.Supp. at page 986, seems particularly appropriate: "It is my thought that when a federal statute embraces a common-law form of action, that action does not lose its identity merely because it finds itself enmeshed in a statute. The right of trial by jury in an action for debt still prevails whatever modern name may be applied to the action. To hold otherwise would be

to open the way for Congress to nullify the Constitutional right of trial by jury by mere statutory enactments. It is by such methods that courts lose their power to enforce the Bill of Rights."

The cases which deny the right of a jury trial have overlooked the authority and reasons which dispute their holdings, and upon which the cases granting a jury trial are based. Particularly see Porter v. Warner Holding Co., supra, 328 U.S. at page 401, 66 S.Ct. 1086, and Hepner v. United States, 213 U.S. 103 at page 115, 29 S.Ct. 474, 53 L.Ed. 720. Defendants are entitled to a jury trial upon the treble damages issue. Their motion to transfer this action to the jury calendar is granted. It is so ordered.

An exception is reserved to the plaintiff.