### UNITED STATES v. FIRMAN.
#### Civ. No. 161.

United States District Court,
W. D. Pennsylvania.
July 16, 1951.

Cyril F. Pessolano, Chief, Rent Litigation Section, and Irving I. Solit, Office of the Housing Expediter, Philadelphia, Pa., David R. Levin, Office of the Housing Expediter, Pittsburgh, Pa., Charles D. Cowley, Office of the Housing Expediter, Erie, Pa., for plaintiff.

John M. Wolford, Erie, Pa. for defendant.

MARSH, District Judge.

This action was brought by the United States against Morris Firman under the Housing and Rent Act of 1947, June 30,

1947, C. 163, Title II § 201 et seq., 61 Stat. 196, et seq., as amended, 50 U.S.C.A. Appendix, § 1891, et seq. The Government demands injunctive relief, that restitution be made to the tenants involved for alleged overcharges, and statutory damages for the alleged violations. The defendant filed a "Motion" for a trial by jury. A rule to show cause was granted and the matter was argued and briefs submitted. We regard this proceeding as a timely demand for jury trial under Federal Rule of Civil Procedure 38(b), 28 U.S.C.A.

■ The demand will be denied. Defendant's arguments are persuasive but he does not claim that he is entitled to a jury trial "as a matter of Constitutional right," although he cites authority for that proposition.[1] On the contrary, he contends that the court should allow him a trial by jury as a matter of discretion because of "the nature of the factual issues and penalty type of remedy are properly within the province of decision by jury." From this point of view, the matter is peculiarly within the discretion of the judge to whom the case is assigned for trial, if he feels he requires the advice of a jury upon the controverted factual issues involved.

■■ The demand for injunctive relief is brought under Section 206, as amended.[2] The section is entitled "Prohibition and enforcement." This is essentially an equity action and consequently "recovery and restitution of illegal rents may be considered * * * as an equitable adjunct to an injunction decree" and authorized by this section. See Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 1089, 90 L.Ed. 1332, decided under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq. Paragraph (d) of Section 206 provides that "No person shall be liable for damages or penalties in any Federal * * * court, on any grounds for or in respect of anything done or omitted to be done in good faith pursuant to any pro-

---

1. See United States v. Friedland, D.C. Conn. 1950, 94 F.Supp. 721; United States v. Strymish, D.C.Mass.1949, 86 F.Supp. 999; United States v. Hart, D.C.E.D.Va.1949, 86 F.Supp. 787. But

see United States v. Friedman, D.C. S.D. Iowa, C.D., 1950, 89 F.Supp. 957, and United States v. Shaughnessy, D.C.Mass. 1949, 86 F.Supp. 175.

2. 50 U.S.C.A.Appendix, § 1896(b).

vision of this Act * * *." This is indicative that Congress expected the court awarding injunctive relief under Section 206 to pass upon the claim for statutory damages authorized by Section 205, as amended.[3] Also, it has been held that a plaintiff may recover money damages as an incident to equitable relief. See National Labor Relations Board v. Jones & Laughlin Steel Corp., 1937, 301 U.S. 1, 48, 57 S.Ct. 615, 81 L.Ed. 893.

Moreover, in other cases in this court where the United States has claimed triple damages as well as injunctive relief and restitution, demands for jury trials have been stricken by decree without opinion. See United States v. Belgrade, Civil Action No. 7860, Circuit Judge Staley; United States v. James Zipparo, Civil Action No. 7995, Judge McVicar; and United States v. Cherico, Civil Action No. 7848, Judge Follmer.

■ Judges of coordinate jurisdiction should not ordinarily overrule decisions of their associates. based on the same set of facts, unless required by higher authority.