## STEFFEN v. FARMERS ELEVATOR SERVICE CO.

### Civ. No. 535.

United States District Court
N. D. Iowa, Central Division.

Dec. 16, 1952.

Veterans' Re-Employment Act. The pertinent provision of that Act provides as follows:

"In case any private employer fails or refuses to comply with the provisions of subsection (b) or subsection (c) (1) [of this section], the district court of the United States for the district in which such private employer maintains a place of business shall have power, upon the filing of a motion, petition, or other appropriate pleading by the person entitled to the benefits of such provisions, specifically to require such employer to comply with such provisions and to compensate such person for any loss of wages or benefits suffered by reason of such employer's unlawful action: * * *."

The question presently before the court is whether the issues are triable to a jury as a matter of right. The plaintiff alleges that he was employed by the defendant in other than a temporary position, that he left this position to enter upon active duty in the armed forces, that he was honorably discharged therefrom, that he requested re-employment in the proper manner, that he was and is qualified to perform the duties of the job but that the defendant has wrongfully refused to re-employ him in violation of the Act. In a pre-trial conference of this case, held September 29, 1952, it was agreed that the case would not be tried until after December 1, 1952, which was one year from the date on which the veteran alleges he should have been re-employed, so that the year's damages could be ascertained.

The veteran's prayer for relief is in three parts. The first requesting a determination that he was entitled to re-employment. The second requesting compensation for loss of wages and benefits. The third for such further and other relief as is just and equitable in the premises. The remedy of reinstatement as an employee is not requested in this action.

 Under this statute a veteran has three alternative courses of relief. He may sue for reinstatement only. He may sue for damages, from loss of wages and benefits,

William B. Danforth, Asst. U. S. Atty., Sioux City, Iowa, for plaintiff.

Alan Loth, Fort Dodge, Iowa, for defendant.

GRAVEN, District Judge.

This action is brought under the provisions of section 9 of the Universal Military Training and Service Act, 62 Stat. 614, 1948, as amended, 50 U.S.C.A.Appendix § 459(d), 1951, commonly referred to as the

only.. Loeb v. Kivo, 2 Cir., 1948, 169 F.2d 346, certiorari denied, 1948, 335 U.S. 891, 69 S.Ct. 246, 93 L.Ed. 429; Bochterle v. Albert Robbins, Inc., 3 Cir., 1947, 165 F.2d 942; Feore v. North Shore Bus Co., 2 Cir., 1947, 161 F.2d 552; Williams v. Sinclair Refining Co., D.C.N.D.Tex.1947, 74 F.Supp. 139; Kent v. Todd Houston Shipbuilding Corp., D.C.S.D.Tex.1947, 72 F.Supp. 506; Hall v. Union Light, Heat & Power Co., D.C.E.D.Ky.1944, 53 F.Supp. 817; See Note, Re-Employment of Veterans, 1947, 167 A.L.R. 124. Or, he may sue for both reinstatement and damages. Loeb v. Kivo, supra; Strelitz v. Surrey Classics, D.C. S.D.N.Y.1946, 7 F.R.D. 101. In Kent v. Todd Houston Shipbuilding Corp., supra, 72 F.Supp. at page 509, it is stated:

> "* * * I think that an employee can either sue his employer to be restored to his former position, or for loss of wages and benefits, or for both." (citing Hall v. Union Light, Heat & Power Co., supra).

The district court also has power to grant incidental damages where the primary relief sought is reinstatement. Levine v. Bernman, 7 Cir., 1949, 178 F.2d 440, certiorari denied, 339 U.S. 982, 70 S.Ct. 1024, 94 L.Ed. 1386; Whitver v. Aalfs-Baker Mfg. Co., D.C.N.D.Iowa 1946, 67 F.Supp. 524. See also, 31 Iowa L.Rev. 155, 186 (1946).

The defendant-employer, in the instant case, has requested a jury trial of all the issues pursuant to Rule 38 of the Federal Rules of Civil Procedure, 28 U.S.C. The veteran, represented by the Assistant United States District Attorney for this District, moved to strike this demand and further moved that all issues be tried to the court without a jury.

Two previous cases have considered the right to jury trial under this statute. In Strelitz v. Surrey Classics, supra, the veteran sought both re-employment and damages for loss of wages and benefits. He demanded a jury trial of four specific issues, the first three of which dealt with re-employment, the fourth with damages. The employer moved to strike this demand. The motion was upheld as to the first three issues only. The ruling in effect granted a jury trial of the specific issue of damages. The court distinguished between what it considered to be legal and equitable issues. In referring to the issue of damages, the court, 7 F.R.D. on page 103, said:

> "* * * As to the fourth specific issue—the amount of compensation to which he is entitled—if this was the sole purpose of this proceeding, he would be entitled to a jury trial, for he would then be proceeding at common law and seeking a money judgment only. * * *"

In Conrocode v. Ohio Bell Telephone Co., D.C.N.D.Ohio 1951, 11 F.R.D. 303, the veteran apparently sought damages as well as re-employment. He requested a jury trial and the employer moved to strike the request. The opinion held the issue of re-employment an equitable one and consequently no right to a trial by jury. On the damage issue, the court, 11 F.R.D. at page 303, stated:

> "Conceding that the court can direct a jury trial of the damage issue, it also is true that once equity jurisdiction obtains the court can try all equitable and legal issues without the aid of a jury. Here the court feels that it will be able to hear and decide the damage issue as readily as a jury and this course of action will greatly expedite trial. The motion to strike the demand for jury trial of the damage issue will be granted."

The matter of a jury trial under the Veterans' Re-Employment Act is analyzed in Moore's Federal Practice as follows:

> "By the same analysis an action to enforce re-employment rights under the Selective Training and Service Act and damages for the defendant's refusal to re-employ him, but without any claim for a statutory penalty, involves only equitable remedies. In Strelitz v. Surrey Classics, Inc. a veteran sought a mandatory injunction ordering the employer to re-employ him; and 'compensation for loss of wages and benefits suffered by * * * reason of respondent's employer's failure to re-em-

ploy him * * *' The court intimated that the issue of damages carried with it a right of jury trial. With deference, we believe that this is erroneous whether the action be regarded: as a suit for specific performance of an employment contract, with the re-employment features supplied by the Act, and incidental damages; or as an action to enjoin continued violation of the Act and for restitution to the employee of the wages which he would have earned except for the employer's violation of the Act. *Of course, if the veteran sought only damages his action would be purely legal in character, with an attendant right of jury trial.*" (Emphasis added.) 5 Moore's Federal Practice § 38.24(2), 2d Ed.1951.

The plaintiff cites this analysis as supporting his position that a right to jury trial does not exist in this case. While it is apparent that Moore disagrees with the ruling in Strelitz v. Surrey Classics, supra, to the effect that the damage issue was triable to a jury, his analysis in that regard, whether the proper one or not, has little bearing on the present case where the relief sought is entirely different.

In the two previous cases that discussed trial by jury under this statute, the veteran sought both reinstatement and damages. In the present case damages alone are sought. Referring to just this situation, it is stated in the Strelitz opinion, supra, and in the excerpt from Moore's Federal Practice, supra, that a jury trial would exist as a matter of right. This situation was not discussed in the Conrocode case, supra, but that opinion concedes that the court can direct a jury trial of the damage issue where both damages and reinstatement are sought. Another case arising under this statute, in which damages only were sought, is of interest in this connection although the right to jury trial was not directly involved. In Walsh v. Chicago Bridge & Iron Co., D.C.N.D.Ill. 1949, 90 F.Supp. 322, the veteran brought his action for damages although he had been re-employed and worked for the employer for over 3 years after returning from service. One of the defenses urged

was that the applicable statute of limitations barred the veteran from bringing his action. In this connection the court stated in 90 F.Supp. at page 326:

> "The plaintiff in this action seeks only damages. He has not asked for actual reinstatement to the position he held in the Shipbuilding Division at the time of his induction. The suit is, therefore, legal in nature. * * *"

The fact that this is a statutory action does not prevent it from being within the scope of the Seventh Amendment requiring jury trial as a matter of right. Fleitmann v. Welsbach Street Lighting Co., 1916, 240 U.S. 27, 36 S.Ct. 233, 60 L.Ed. 505; Hepner v. U. S., 1909, 213 U.S. 103, 29 S.Ct. 474, 53 L.Ed. 720; Leimer v. Woods, 8 Cir., 1952, 196 F.2d 828; U. S. v. Friedland, D.C.D.Conn.1950, 94 F.Supp. 721; U. S. v. Mesna, D.C.D.Minn. 1950, 11 F.R.D. 86; Olearchick v. American Steel Foundries, D.C.W.D.Pa.1947, 73 F. Supp. 273; Farmers Co-operative Oil Co. v. Socony-Vacuum Oil Co., D.C.N.D.Iowa 1942, 43 F.Supp. 735; U. S. v. Mundell, C.C.Vir.1795, 27 Fed.Cas. 23, No.15,834, p. 23. See Porter v. Warner Holding Co., 1946, 328 U.S. 395, 401 et seq., 66 S.Ct. 1086, 90 L.Ed. 1332; Stockwell v. U. S., 1871, 13 Wall. 531, 542, 20 L.Ed. 491; Weeks v. Bareco Oil Co., 7 Cir., 1941, 125 F.2d 84, 94; Beaunit Mills, Inc., v. Eday Fabrics Sales Corp., 2 Cir., 1942, 124 F.2d 563, 565 et seq.; Meeker v. Lehigh Valley R. Co., C.C.S.D.N.Y.1908, 162 F. 354, 357; U. S. v. Jepson, D.C.N.J.1950, 90 F.Supp. 983. In this last case the court states in 90 F.Supp. at page 986:

> "It is my thought that when a federal statute embraces a common-law form of action, that action does not lose its identity merely because it finds itself enmeshed in a statute. The right of trial by jury in an action for debt still prevails whatever modern name may be applied to the action. * * *"

See also, Note, Right to Trial By Jury Under The Housing and Rent Act, 27 Notre Dame Law. 244 (1952); Case comments on U. S. v. Jepson, supra, found in 35

Minn.L.Rev. 304 (1951), 4 Vanderbilt L. Rev. 170 (1950), and Wash.U.L.Q.1950: 635–641. But cf., Agwilines, Inc., v. N.L. R.B., 5 Cir., 1936, 87 F.2d 146 (involving a public remedy); U. S. v. Firman, D.C. W.D.Pa.1951, 98 F.Supp. 944 (jury trial not demanded as a matter of right). But see National Labor Relations Board v. Jones & Laughlin, 1937, 301 U.S. 1, 48, 57 S.Ct. 615, 81 L.Ed. 893; Creedon v. Arielly, D.C.W.D.N.Y.1948, 8 F.R.D. 265, 268 and authorities cited therein.

Suits for damages under other statutes are triable to a jury. Lewis v. Times Publishing Co., 5 Cir., 1950, 185 F.2d 457 (Fair Labor Standards); Ring v. Spina, 2 Cir., 1948, 166 F.2d 546 (Anti-Trust); Bereslavsky v. Kloeb, 6 Cir., 1947, 162 F.2d 862 (Patent Infringement); Sablosky v. Paramount Film Distributing Corp., D.C.E.D. Pa.1952, 13 F.R.D. 138 (Anti-Trust); U. S. v. Friedland, supra (Rent Control); U. S. v. Jepson, supra (Rent Control); U. S. v. Mesna, supra (Rent Control); U. S. v. Strymish, D.C.D.Mass.1949, 86 F. Supp. 999 (Rent Control); U. S. v. Hart, D.C.E.D.Va.1949, 86 F.Supp. 787 (Rent Control); Container Co. v. Carpenter Container Corp., D.C.Del.1949, 9 F.R.D. 261 (Anti-Trust); Olearchick v. American Steel Foundries, supra (Fair Labor Standards); Hartford-Empire Co. v. Glenshaw Glass Co., Inc., D.C.W.D.Pa.1943, 3 F.R.D. 50 (Anti-Trust).

In the recent case of Leimer v. Woods, supra, which involved the matter of a jury trial in a Rent Control case, the United States Court of Appeals for the Eighth Circuit stated in 196 F.2d at page 833:

> "In the long range, if the right of trial by jury is actually to be preserved thus inviolate to the parties, its proclamation in legal letter can only be kept from becoming an artificiality by the accompaniment of a sympathetic judicial attitude. * * *"

In the present case the plaintiff does not, in reality, seek equitable relief. In reality, he seeks only to recover a money judgment. The action is therefore legal in nature.

There are two issues involved. The right of the veteran to be reinstated, which is determinative of the employer's liability, and the amount of damages, if any, to which the veteran is entitled. If the veteran was seeking re-employment and incidental damages, the issue of the right to reinstatement would undoubtedly be determined by the court inasmuch as the basic relief sought would be equitable, in the form of a mandatory injunction. In such a case the principle, that equity having assumed jurisdiction should go on to afford complete relief, would control. See, Beaunit Mills, Inc. v. Eday Fabrics Sales Corp., supra, 124 F.2d at page 566; Conrocode v. Ohio Bell Telephone Co., supra, 11 F.R.D. at page 303. See also, Levine v. Bernman, supra, and Whitver v. Aalfs-Baker Mfg. Co., supra. Both issues in the present case involve a factual determination, which historically has been the province of the jury.

It is the view of this court that a jury trial of all issues exists as a matter of right. It is ordered that the motion of the plaintiff to strike the defendant's demand for a jury trial be denied.