## HODGES *v.* EASTON.

Certain questions, covering only a part of the material issues of fact, were propounded to the jury, who returned them with the answers thereto, as a special verdict. The judgment against the defendant recites that it was rendered " upon the special verdict of the jury, and facts conceded or not disputed upon the trial." The record does not disclose the evidence, and no general verdict was rendered. *Held,* that the judgment, not being sustained by the special verdict, must be reversed and a new trial ordered.

ERROR to the Circuit Court of the United States for the Eastern District of Wisconsin.

The facts are stated in the opinion of the court.

*Mr. Luther S. Dixon* for the plaintiffs in error.
*Mr. Henry M. Finch* for the defendants in error.

MR. JUSTICE HARLAN delivered the opinion of the court.

This was a suit by Easton and Bigelow against Hodges and Smith to recover damages for the alleged conversion of certain wheat, stored, in separate bins, in the warehouse of William H. Valleau, in Decorah, Iowa.

The complaint contains two counts. The first proceeds upon the ground that the wheat, when so converted, was the property of the plaintiffs. The second avers that, during the winter and spring of 1876, the First National Bank of Decorah, Iowa, discounted notes and drafts for, and loaned money to, said Valleau, upon the security of a large quantity of wheat delivered to the bank, of which he, Valleau, was then the owner and had the possession, and which was stored, in separate bins, in a warehouse in Decorah, Iowa; that thereby the wheat became the property of the bank; that subse-

quently, in April and May, 1876, Valleau, without repaying such loans and discounts, and without the knowledge and consent of the bank, wrongfully and tortiously took and removed the wheat from the warehouse and from the possession of the bank, shipped it to the defendants, at Milwaukee, by whom it was wrongfully and tortiously received and sold, and the proceeds converted to their own use; that no part of the moneys, so loaned and advanced, has ever been paid by Valleau, or by any one for him; that, prior to this suit, the bank sold, assigned, and transferred its right, title, and interest in the wheat, and all right of action to recover the same or its value, of which assignment the defendants had notice before this action; and lastly, that, prior to the commencement of the action, the bank and the plaintiffs had each demanded from the defendants the delivery of the wheat, but they had refused to deliver it, or any part thereof, either to the bank or to plaintiffs.

The answer denies, generally, " each and every allegation, statement, matter, fact, and thing in the complaint, set forth, alleged, and contained."

The record states that the jury, impanelled and sworn to try the issues, " rendered a special verdict in answer to the questions propounded by the court." The questions so propounded, with the answers thereto, were made the special verdict. The jury having been discharged, the plaintiffs, by counsel, moved for judgment upon the special verdict for the value of the wheat wrongfully converted by defendants, or for such damages as the court should adjudge, and for such other and further relief as might be granted in the premises. On a later day the defendants moved to set aside the special verdict and grant a new trial, upon the ground, among others, that the special verdict " does not contain findings upon the material issues in the case."

These motions were heard together, and it was ordered by the court " that the motion of defendants for a new trial be, and is hereby, overruled, and that the motion of the plaintiffs for judgment upon the special verdict of the jury, and *facts conceded or not disputed upon the trial,* be, and is hereby, granted." The damages were assessed by the court at $12,554.89, for

which sum judgment was entered against the defendants. From that judgment this writ of error is prosecuted.

Under the Code of Practice of Wisconsin the answer in this case puts in issue every material allegation in the complaint. 2 Taylor's Stat. Wis., 1871, p. 1439. And since, by sect. .914 of the Revised Statutes, the practice, pleading, forms, and modes of proceeding, in civil causes, other than equity and admiralty causes, in the Circuit and District Courts of the United States, must conform, as near as may be, to the practice, pleadings, forms, and modes of proceeding existing at the time in like causes in the courts of record in the State within which such Circuit or District Courts are held, it was, as conceded in argument here, incumbent upon the plaintiff to prove at the trial, among other things, that the bank had sold, assigned, and transferred all title and interest in the wheat, and thereby, also, a right to recover it or its value. No bill of exceptions was taken showing the evidence introduced by either party, nor was there a general verdict. Having regard alone to the questions and answers propounded to the jury, it is clear that the plaintiffs did not prove their case, as made by the first count, which proceeded upon the ground that the wheat was their property. It is equally clear that there was no finding upon the issue, raised by the second count, as to the alleged assignment by the bank to them. No question was propounded upon that subject, nor was that point covered by the written stipulation as to the amount of freight and the value of the wheat. We infer from the oral statement of counsel for the plaintiffs, that, at the trial below, the assignment by the bank was conceded, and that the final judgment was based, in part, upon that concession. But in that representation, counsel who appeared in this court for the defendants — but who did not participate in the trial — did not feel authorized to concur. Looking, therefore, as we must, to the case as disclosed by the record, we are constrained to hold that the answers to the special questions propounded by the court, being silent as to the assignment by the bank, did not furnish a basis for judgment in favor of the plaintiffs. Without proof upon that point, they were not entitled to judgment upon the second count. In *Patterson* v. *United States*, 2 Wheat. 221, it was

said, that if it appeared to the court of original jurisdiction, or to the appellate court, that the verdict was confined to a part only of the matter in issue, no judgment could be rendered upon it. In *Barnes* v. *Williams,* 11 Wheat. 415, the claim of the plaintiff being founded upon a bequest of certain slaves, it was essential to a recovery, at law, that the assent of the executor to the legacy should be proved. This court, speaking by Mr. Chief Justice Marshall, said: " Although in the opinion of the court there was sufficient evidence in the special verdict from which the jury might have found the fact, yet they have not found it, and the court could not, upon a special verdict, intend it. The special verdict was defective in stating the evidence of the fact, instead of the fact itself. It was impossible, therefore, that a judgment could be pronounced for the plaintiff."

But it is suggested that the final judgment, upon its face, shows that it was not based exclusively on answers to the special questions, and the stipulation by the parties as to the amount of freight and value of wheat ; but also " upon facts conceded or not disputed upon the trial." Although this court is not informed by the record as to what those conceded and undisputed facts are, it is insisted that we should presume, in support of the judgment, that they were, in connection with the facts specially found, sufficient to justify the action of the court below. This position, it is contended, is sustained by numerous decisions of the Supreme Court of Wisconsin, upon the subject of general and special verdicts, as defined and regulated by the laws of that State in force when this action was tried.

It is not necessary, in this opinion, to enter upon an examination of those decisions, or to consider how far the local law controls in determining either, the essential requisites of a special verdict in the courts of the United States, or the conditions under which a judgment will be presumed to have been supported by facts other than those set out in a special verdict. The difficulty we have arises from other considerations. The record discloses that the jury determined a part of the facts, while other facts, upon which the final judgment was rested, were found by the court to have been conceded or not disputed. If we should presume that there were no material facts consid-

ered by the court beyond those found in the answers to special questions, then, as we have seen, the facts found do not authorize the judgment. If, on the other hand, we should adjudge it to have been defendants' duty to preserve the evidence in a bill of exceptions, and that, in deference to the decisions of the State court, it should be presumed that the " facts conceded or not disputed at the trial " were, in connection with the facts ascertained by the jury, ample to support the judgment, we then have a case at law, which the jury were sworn to try, determined, as to certain material facts, by the court alone, without a waiver of jury trial as to such facts. It was the province of the jury to pass upon the issues of fact, and the right of the defendants to have this done was secured by the Constitution of the United States. They might have waived that right, but it could not be taken away by the court. Upon the trial, if all the facts essential to a recovery were undisputed, or if they so conclusively established the cause of action as to have authorized the withdrawal of the case altogether from the jury, by a peremptory instruction to find for plaintiffs, it would still have been necessary that the jury make its verdict, albeit in conformity with the order of the court. The court could not, consistently with the constitutional right of trial by jury, submit a part of the facts to the jury, and, itself, determine the remainder without a waiver by the defendants of a verdict by the jury. In civil cases, other than those in equity and admiralty, and except where it is otherwise provided in bankruptcy proceedings, " the trial of issues of fact " — that is, of all the material issues of fact — " in the Circuit Courts shall be by jury," unless the parties, or their attorneys of record, stipulate in writing for the waiver of a jury. Rev. Stat., sects. 648, 649. There is no such stipulation in this case, and there is nothing in the record from which such stipulation or waiver may be inferred. It has been often said by this court that the trial by jury is a fundamental guarantee of the rights and liberties of the people. Consequently, every reasonable presumption should be indulged against its waiver. For these reasons the judgment below must be reversed.

One other point discussed by counsel for defendants in error must be noticed. He insisted that the order of reversal, if one

be made, should be accompanied by a direction to the court below to restrict the next trial to such issues as are not covered by the answers of the jury to special questions.   In support of this position, we have been referred to several adjudications which seem to recognize the authority of the court, when setting aside a judgment, to restrict the subsequent trial to such issues as were not passed upon by the jury at the first trial.   Whether this contention be sound or not, we need not now determine, for the reason that the grounds upon which it rests have no existence, where, as here, the case, as to the issues triable by jury, was not submitted to the jury in the mode required by law.   There is, then, no alternative but to reverse the judgment, with directions that a trial be had upon all the material issues of fact; and it is

<em>So ordered.</em>