GANSBERG v. SAGEMOHL.

(Supreme Court, Appellate Division, First Department. January 10, 1902.)

1. BANKS—JOINT DEPOSIT—INTENTION OF PARTIES—JURY QUESTION.
   Where the evidence as to the purpose of a bank deposit joint in form
   was directly conflicting, the intention of the parties in making it was
   a question of fact for the jury.

2. SAME—EVIDENCE—SIGNED STATEMENT—CONCLUSIVENESS—JURY QUESTION.
   Where defendant, who had signed a statement written in English,
   testified that she could not read English, and could scarcely speak it,
   and that she did not understand the statement when she signed it, and
   it appeared that it had to be translated into German before she could
   understand it, and that it was not correctly translated, the question of
   the conclusiveness of the statement as to defendant's rights was for the
   jury.

3. SAME—ACTION AT LAW—TRIAL BY JURY—CONSTITUTIONAL RIGHT—TAKING
   CASE FROM JURY.
   Under the New York constitution relating to trial by jury, the verdict
   upon questions of fact presented in an action at law must be rendered
   by the jury, and, although this right may be waived, the court has no
   power, against the objection of either party, to discharge the jury, and
   in its absence pass upon the questions presented.

Appeal from trial term, New York county.

Action by Henry Gansberg, administrator, against Adelheid Sage-
mohl. From a judgment entered upon a decision of the court and
from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-
TERSON, O'BRIEN, and LAUGHLIN, JJ.

Everett Heymann, for appellant.
H. Randolph Anderson, for respondent.

McLAUGHLIN, J. On the 8th of September, 1898, Dora Gans-
berg, the plaintiff's intestate, drew from the Dry Dock Savings In-
stitution, in the city of New York, the sum of $1,609.13, which she
then had on deposit, and immediately thereafter she redeposited the
same sum in the same institution in the joint names of herself and
the defendant. She was at the time accompanied by the defendant,
and a pass book was issued by the savings institution in their joint
names. A few days subsequent to this transaction Dora sailed for
Europe, where she died intestate on the 8th of October following.
After her death the defendant surrendered to the savings institution
the pass book, and drew the money represented by it. In Febru-
ary, 1899, Henry Gansberg, a brother of Dora's, was appointed her
administrator, and as such brought this action to recover from the
defendant the money which she drew from the savings institution.
He had a judgment for the amount claimed, from which the de-
fendant has appealed.

The conclusion at which we have arrived renders it unnecessary
to consider at length the evidence introduced upon the trial by the
respective parties, from which it appeared, in short, on the part of
the defendant, that the intestate intended that whatever property
she had left, including the money in question, at the time of her
death, should go to the defendant, and that she did not want her

brother, under any circumstances, to have any of it; while on the part of the plaintiff evidence was introduced to the effect that the money referred to was deposited in the savings institution in the manner in which it was for the sole purpose of enabling the defendant to draw money from the bank while Dora was in Europe, and forward it to her; and that when Dora returned, the balance, if any, was to be transferred to her. This evidence consisted chiefly in a written statement, signed by the defendant, and it seems that the learned trial justice reached the conclusion that it was conclusive upon the defendant as to her rights in the subject-matter of the action. The intention of the parties in making the deposit in the savings institution in the manner in which it was made was a question of fact, which, under all the facts presented, was for the determination of the jury. Wood v. Zornstorff, 59 App. Div. 538, 69 N. Y. Supp. 241; De Puy v. Stevens, 37 App. Div. 289, 5 N. Y. Supp. 810. Nor was the statement signed by the defendant conclusive as to her right to this fund. She testified she did not understand the nature and character of the paper at the time she signed it, and under all the facts connected with its execution we think this also should have been submitted to the jury. The defendant could not read English; she spoke it very imperfectly; and, according to her testimony, the contents of the paper were translated into German before she could understand it, and that a correct translation was not given. If this were true, then, manifestly, the statement was not binding upon her.

At the close of the trial the defendant moved to dismiss the complaint, and the plaintiff moved for the direction of a verdict. The learned trial justice announced that, in his opinion, there was nothing for the jury to pass upon; that only a question of law was presented; and he suggested that the jury should be discharged, and the case submitted upon briefs. The plaintiff's counsel announced his willingness to adopt the suggestion of the trial justice, but the defendant's counsel, instead of doing so, stated that he desired to make a motion for a dismissal of the complaint, and not for the direction of a verdict, to which the learned trial justice responded, "Do I understand by that, in case I deny your motion that you want to go to the jury?" and defendant's counsel answered, "Yes," to which the trial justice replied, "I deny you motion to dismiss," and defendant's counsel took an exception. The plaintiff's counsel thereupon said he would follow the court's suggestion, and was willing to withdraw a juror, and the trial justice responded that he was not going to submit the case to the jury, and asked, "Do you want me to decide it now or deliberate?" to which plaintiff's counsel responded, "I wish you would decide it now," and defendant's counsel said, "Then I would rather submit briefs." The court thereupon discharged the jury, and defendant's counsel excepted. We are of the opinion that the exception was well taken. The court had no power—it being an action at law—against the objection of either party to discharge the jury, and, in their absence, pass upon the questions presented. The constitution of the state gave to the defendant the right to have the questions of fact pre-

sented passed upon by the jury, and not by the court. This right she might waive, but she could not be deprived of it by the court. If all of the facts essential to a recovery were undisputed, or if they so conclusively established the cause of action as to justify the withdrawal of the case from the jury by directing it to render a verdict one way or the other, it nevertheless was necessary that the jury should render the verdict, and that that should be done in the presence of the court, unless the presence of the jury was waived by consent. Hodges v. Easton, 106 U. S. 408, 1 Sup. Ct. 307, 27 L. Ed. 169; Cahill v. Railway Co., 20 C. C. A. 184, 74 Fed. 285. This was not done. On the contrary, the jury was discharged against the defendant's objection and exception, and the learned trial justice subsequently rendered a decision, upon which the judgment appealed from was entered. It follows, therefore, for the error thus committed a new trial must be ordered.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.