HENRY GANSBERG, as Administrator, etc., of DORA or DORATHEA GANSBERG, Deceased, Respondent, *v.* ADELHEID SAGEMOHL, Appellant.

*Action at law — the court cannot discharge the jury and itself decide the case.*

In an action at law the court has no power against the objection of either party to discharge the jury and in its absence pass upon the questions presented. If the evidence conclusively establishes the right of either party to recover, the court should direct a verdict but cannot properly dismiss the jury and decide the case itself.

APPEAL by the defendant, Adelheid Sagemohl, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 3d day of May, 1901, upon the decision of the court rendered after a trial at the New York Trial Term, the jury having been dismissed by the court, and also from an order entered in said clerk's office on the 30th day of April, 1901, denying the defendant's motion for a new trial made upon the minutes.

*Everett B. Heymann*, for the appellant.

*H. Randolph Anderson*, for the respondent.

MCLAUGHLIN, J.:

On the 8th of September, 1898, Dora Gansberg, the plaintiff's intestate, drew from the Dry Dock Savings Institution in the city of New York the sum of $1,609.13, which she then had on deposit and immediately thereafter she redeposited the same sum in the same institution in the joint names of herself and the defendant. She was, at the time, accompanied by the defendant, and a pass book was issued by the savings institution in their joint names. A few days subsequent to this transaction Dora sailed for Europe, where she died intestate on the eighth of October following. After her death the defendant surrendered to the savings institution the pass book and drew the money represented by it. In February, 1899, Henry Gansberg, a brother of Dora's, was appointed her administrator, and as such brought this action to recover from the

defendant the money which she drew from the savings institution. He had a judgment for the amount claimed, from which the defendant has appealed.

The conclusion at which we have arrived renders it unnecessary to consider at length the evidence introduced upon the trial by the respective parties, from which it appeared in short on the part of the defendant that the intestate intended that whatever property she had left, including the money in question, at the time of her death, should go to the defendant and that she did not want her brother, under any circumstances, to have any of it, while on the part of the plaintiff, evidence was introduced to the effect that the money referred to was deposited in the savings institution in the manner in which it was for the sole purpose of enabling the defendant to draw money from the bank while Dora was in Europe and forward it to her, and that when Dora returned, the balance, if any, was to be transferred to her. This evidence consisted chiefly in a written statement signed by the defendant, and it seems that the learned trial justice reached the conclusion that it was conclusive upon the defendant as to her rights in the subject-matter of the action. The intention of the parties in making the deposit in the savings institution in the manner in which it was made was a question of fact which under all the facts presented, was for the determination of the jury. (*Wood* v. *Zornstorff*, 59 App. Div. 538; *De Puy* v. *Stevens*, 37 id. 289.) Nor was the statement signed by the defendant conclusive as to her right to this fund. She testified she did not understand the nature and character of the paper at the time she signed it, and under all the facts connected with its execution, we think this also should have been submitted to the jury. The defendant could not read English; she spoke it very imperfectly; and according to her testimony, the contents of the paper were translated into German before she could understand it, and that a correct translation was not given. If this were true, then manifestly the statement was not binding upon her.

At the close of the trial the defendant moved to dismiss the complaint, and the plaintiff moved for the direction of a verdict. The learned trial justice announced that in his opinion there was nothing for the jury to pass upon — that only a question of law was presented — and he suggested that the jury should be discharged and

the case submitted upon briefs. The plaintiff's counsel announced his willingness to adopt the suggestion of the trial justice, but the defendant's counsel, instead of doing so, stated that he desired to make a motion for a dismissal of the complaint and not for the direction of a verdict, to which the learned trial justice responded : " Do I understand by that, in case I deny your motion to dismiss, you want to go to the jury ? " and defendant's counsel answered : " Yes ; " to which the trial justice replied : " I deny your motion to dismiss," and defendant's counsel took an exception. The plaintiff's counsel thereupon said he would follow the court's suggestion and was willing to withdraw a juror, and the trial justice responded that he was not going to submit the case to the jury, and asked : " Do you want me to decide it now or deliberate ? " to which plaintiff's counsel responded : " I wish that you would decide it now," and defendant's counsel said : " *Then*, I would rather submit briefs." The court thereupon discharged the jury and defendant's counsel excepted.

We are of the opinion that the exception was well taken. The court had no power, it being an action at law, against the objection of either party, to discharge the jury and in their absence pass upon the questions presented. The Constitution of the State gave to the defendant the right to have the questions of fact presented passed upon by the jury, and not by the court. This right she might waive, but she could not be deprived of it by the court. If all of the facts essential to a recovery were undisputed, or if they so conclusively established the cause of action as to justify the withdrawal of the case from the jury by directing it to render a verdict one way or the other, it nevertheless was necessary that the jury should render the verdict and that that should be done in the presence of the court, unless the presence of the jury was waived by consent. (*Hodges* v. *Easton*, 106 U. S. 408 ; *Cahill* v. *Chicago, M. & St. P. Ry. Co.*, 74 Fed. Rep. 285.) This was not done ; on the contrary, the jury was discharged against the defendant's objection and exception, and the learned trial justice subsequently rendered a decision upon which the judgment appealed from was entered.

It follows, therefore, that, for the error thus committed, a new trial must be ordered.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event.

Van Brunt, P. J., Patterson, O'Brien and Laughlin, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.