## UNITED GAS PUBLIC SERVICE CO. et al. v. PARDUE.

### No. 7418.

Circuit Court of Appeals, Fifth Circuit.

Aug. 23, 1935.

Rehearing Denied Sept. 24, 1935.

Allan Sholars and Geo. Gunby, both of Monroe, La., W. Scott Wilkinson, of Shreveport, La., and Tobin R. Hodge, of Rayville, La., for appellants.

Howard B. Warren, of Shreveport, La., and G. P. Bullis, of Vidalia, La., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

Appellee, Carl G. Pardue, brought this suit against Northern Louisiana Natural Gas Company, Louisiana Gas & Fuel Company, and United Gas Public Service Company to recover additional royalties alleged to be due under an oil and gas lease, covering some 40 acres of land in Richland parish, La., which had been successively assigned to the defendants in the order named. The lease provided that the lessee should pay the grantor a royalty of one-eighth of the gas produced, calculated at the rate of market price per 1,000 cubic feet, corrected to 2 pounds above atmospheric pressure. It is not disputed that defendants made accurate returns for the amount of gas each produced and marketed, at the rate of 3 cents per 1,000 cubic feet, but plaintiff alleged that the market price was 12 cents and sued for the difference of 9 cents per 1,000 cubic feet. Defendants contended that 3 cents was the correct market price and also pleaded estoppel, based upon the acceptance of monthly returns and payments at that price. The case was tried to a jury, and the District Court left both defenses to the jury but charged them to bring in a special verdict fixing the market price, in the event they found for the plaintiff. The jury brought in a verdict in these words and figures: "We, the jury, finds the Market Price to be 4.45 c." Defendants objected to the entering of judgment on the verdict and also vainly moved for a new trial. Judgment was entered against defendants, in the order above named, in the respective sums of $1,227.40, $275.38, and $154.18, with interest at 5 per cent. per annum from date of judgment. Error is assigned to the entering of judgment on the verdict.

There is no doubt that a federal court may submit a case to the jury on special issues regardless of whether there is a state statute regulating such practice; but when that is done it is essential that the jury find all the facts of the case, sufficient to support the judgment, and decide all the issues between the parties. Suydam v. Williamson, 20 How. 427, 15 L. Ed. 978; New Orleans Ins. Ass'n v. Piaggio, 16 Wall. 378, 21 L. Ed. 358; Hodges v. Easton, 106 U. S. 408, 1 S. Ct. 307, 27 L. Ed. 169; Ward v. Cochran, 150 U. S. 597, 14 S. Ct. 230, 37 L. Ed. 1195; United States Fidelity & Guaranty Co. v. Commercial Nat. Bank (C. C. A.) 55 F.(2d) 564. It is apparent that the verdict in this case does not meet these requirements. The verdict is neither in favor of plaintiff nor against defendant. It might well be that the market value of the gas was 4.45 cents per 1,000 cubic feet and yet plaintiff would not be entitled to recover if the plea of estoppel was good. It was error to enter judgment on the verdict.

There are numerous other assignments of error, some of which are meritorious; but practically all of the questions here presented were considered in the case of Arkansas Natural Gas Co. v. James M. Sartor et al. (C. C. A.) 78 F.(2d) 924, decided to-day. As what was there said will furnish a guide on another trial of this case, it would be useless to discuss these assignments.

Reversed and remanded.

BRYAN, Circuit Judge, participated in the hearing and decision of this cause, but died before the opinion was prepared and filed.