**WOODS, Housing Expediter, v. LEIMER.**

No. 4621.

United States District Court
W. D. Missouri, W. D.

Sept. 25, 1952.

Joseph E. Babka, and Ralph E. Griffith, of St. Louis, Mo., for plaintiff.

Walter A. Leimer, pro se.

REEVES, Chief Judge.

After the judgment or decree in the above case was vacated by the Court of Appeals, Leimer v. Woods, 8 Cir., 196 F. 2d 828, counsel moved for a summary judgment pursuant to the following suggestions, 196 F.2d at page 838 of the opinion of the Court of Appeals:

"In view of the fact, however, that the case must go back for the rendition of a proper legal judgment, it seems appropriate in the situation to allow the trial court to reopen the case for jury trial, if the evidence was in fact such as to have entitled appellant to have had it submitted to a jury, had his demand for a trial by jury not been denied. This can be done through the court's undertaking to consider the situation initially on a remand *as a question of summary judgment* (emphasis mine), as to the violations for which a damage right exists, on the basis of the transcript of the previous evidence."

Counsel for the plaintiff have submitted a transcript of all the evidence in the case together with extensive briefs. These have been examined. It does not appear from the transcript that the defendant demanded a jury, and, moreover, the evidence as disclosed by the transcript shows conclusively that the tenants of the defendant had been overcharged in the manner alleged in the complaint. And though defendant testified in his own behalf, there was no denial of the averments of the complaint or no dispute of evidence adduced by the government through the lips of tenant witnesses. Under such circumstances there was no issue for a jury, even if one had been demanded. And clearly, under the law, it would have been the duty of the court to direct a verdict for the government as prayed.

Accordingly the motion for a summary judgment should be and the same hereby is granted. Counsel for plaintiff will prepare an appropriate decree or judgment entry.