UNITED STATES of America ex rel.
Frederick Charles WOOD, Relator,

v.

Wilfred L. DENNO, Respondent.

United States District Court
S. D. New York.

Jan. 24, 1963.

Norman Redlich, Daniel A. Gutterman, New York City, for relator.

Benjamin J. Jacobson, Asst. Dist. Atty., Queens County, N. Y., Mortimer Sattler, Asst. Atty. Gen., of New York, for respondent.

BONSAL, District Judge.

This is a petition for a writ of habeas corpus brought on behalf of Frederick Charles Wood, relator, by Norman Redlich, Esq. The Court understands that Mr. Redlich is a Professor of Law at the New York University School of Law, and is counsel to the New York Committee to Abolish Capital Punishment. The petition was brought on by Order to Show Cause on January 21, 1963, and was accompanied by a petition for leave to proceed in forma pauperis.

On January 21, 1963, the Court granted the petition for leave to proceed in forma pauperis. The Court also signed the Order to Show Cause, setting the matter down for hearing on January 24, 1963, at 2:30 p. m., which time was later advanced, with the consent of the parties, to 9:30 a. m. The Order to Show Cause contained a stay of execution of the sentence of death upon Frederick Charles Wood pending the determination of the petition for writ of habeas corpus.

The petition seeks to raise the issue of whether the due process and equal protection clauses of the Fourteenth

Amendment to the United States Constitution require a State to assign counsel to an indigent defendant in a capital case during the post-appellate period until the defendant is executed, or other disposition made of his case.

Frederick Charles Wood was convicted of two counts of murder in the first degree in the County Court, Queens County, New York, and sentenced to death on December 7, 1961. His conviction was affirmed by the New York Court of Appeals where he was represented by assigned counsel: Nancy Carley, Edward H. Potter, Abraham Schwarts and Estelle Herman.

The Court of Appeals of New York considered two issues: (1) whether Wood was insane at the time he committed the murders which were the subject of his trial, and (2) whether certain remarks made by the District Attorney in the course of the trial were prejudicial. A majority of the Court (four judges) held that Wood knew not only the nature and quality of his acts, but also knew that they were wrong; and that the remarks of the District Attorney were not so prejudicial as to have denied him a fair trial. Wood's conviction was therefore affirmed. One Judge of the Court of Appeals (Judge Fuld) dissented and voted to reverse on the ground that the remarks of the District Attorney were prejudicial. Two judges (Chief Judge Desmond and Judge Van Voorhis) dissented and voted to reverse on the ground that in their view Wood was legally insane.

Wood is presently in the death house of Sing Sing Prison and is scheduled to be electrocuted during the week of January 21, 1963, pursuant to an order of the Court of Appeals of New York dated December 6, 1962.

So far as the record discloses, no application has been made to the Supreme Court of the United States on behalf of Wood for review of the determination by the New York Court of Appeals affirming Wood's conviction. The Court is informed that at the instigation, at least, of Mr. Redlich, on January 14, 1963, the assigned counsel previously named, addressed the following letter to Chief Judge Desmond of the New York Court of Appeals:

"I am writing on behalf of Court assigned counsel for Frederick Charles Wood. In view of the fact that we do not feel that the record reflects that there are any issues which, if raised, would be likely to succeed at the post-appellate stage, we feel that, after the clemency hearing on January 16, 1963, our assignment is over.

"However, we do feel that Frederick Charles Wood should be allowed to exhaust all possible legal proceedings and, in the absence of counsel, would be unable to pursue any post-appellate remedies. Therefore, on behalf of Frederick Charles Wood we request that the Court assign counsel during the post-appellate stage to take whatever steps he deems necessary during this period.

"We would appreciate a reply at your earliest convenience.

"(s) Estelle Herman."

While no reply by the Chief Judge to this letter has been submitted, the respondent, at the hearing, submitted a copy of a letter from the Chief Judge of the New York Court of Appeals to the Honorable Sol Neil Corbin, Counsel to the Governor, in reply to an inquiry from Mr. Corbin in this case. The purport of this letter is contained in the last paragraph as follows:

"Since there is no proceeding pending in any New York State Court there is no occasion for any further assignment of counsel. If any such proceeding is commenced, application for assignment of counsel may be made to the court in which such proceeding is brought or is about to be brought. In this court and, I am sure, in any State court a simple letter written by or for the prisoner would be sufficient to procure a determination on the defendant's request for a lawyer to represent him in connection with a claimed right whether it be by way

of reargument, coram nobis or habeas corpus. No State court would have jurisdiction to assign counsel without reference to a particular proceeding in a State Court."

. Mr. Redlich, who has purportedly brought this petition on behalf of Wood, was not one of his assigned counsel and there is nothing in the record to show that Wood retained Mr. Redlich for this purpose. Indeed, the respondent has submitted a letter from Wood to Warden Denno, dated January 22, 1963, reading as follows:

"Warden Denno
"Dear Warden:
"Please rush word to Norman Redlich, Esq., New York University of Law, Washington Square, New York 3, N. Y., that I resent very much his intrusion, and tell him to withdraw from my case pronto. I have a legal right to approve of any counsel associated to my case. This interloper, however, well intentioned he may be, is not welcome. My four lawyers assigned to the case prior to trial have withdrawn and I wish no further legal action. I am all set and prepared to go Thursday night at 10:00, and I don't want any do-gooder to interfere.
"Very respectfully yours,
"Fred C. Wood
"#128751."

Mr. Redlich also submitted at the hearing a letter received by him from Wood, dated January 22, 1963, reading as follows:

"Sir:
"Please withdraw immediately from my case. I want no further court action.
"Thank you for your good intent, but I have no desire to live out the rest of my life in confinement. You must (or should) understand that capital punishment is, in the final analysis, more merciful than a tortured existence of a lifetime in prison or in an asylum. I should know, sir, as I've done 31 years of

suffering in these 'noble' institutions.
"So, in the language of the artist, please cease and desist.
"Very truly yours,
"Fred Wood
"#128751."
"Condemned Cells"

■ Prior to any determination on the merits of this petition for a writ of habeas corpus the Court must be satisfied that it has jurisdiction to act. Several factors lead the Court to the conclusion that it has no jurisdiction.

■ 1. There has been no exhaustion of state remedies as required by 28 U.S.C. § 2254. No petition for a writ of certiorari has been made to the United States Supreme Court. The denial of a writ of certiorari is prerequisite to a hearing on the merits in a federal district court. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1944).

2. The claimed denial of due process appears to have not yet occurred. The Chief Judge of the New York Court of Appeals has not responded to the January 14th letter of the assigned counsel quoted above. Until such time, the Court does not believe that assigned counsel may unilaterally relieve themselves of their obligation to Wood. Nor has Wood made any application to the New York courts for assignment of new counsel upon default of those previously assigned. Thus, the Court can see no basis for a claim of denial of due process where assigned counsel may still be present in the case, or in the alternative, where no request for such assistance has been made.

3. The import of Wood's letter to Mr. Redlich and his letter to the Warden, both letters dated January 22, 1963, makes it clear that Mr. Redlich does not represent him and that he wishes no further proceedings brought on his behalf. The Court entertains no doubts about the sincerity of Mr. Redlich's actions and his high moral purpose. His

belief in the undesirability of capital punishment has undoubtedly added to his zeal on Wood's behalf. However, Mr. Redlich is admittedly a volunteer, and it is extremely doubtful whether he can present Wood's case before this Court without Wood's consent.

The State of New York, through the assignment system, has sought to protect fully the constitutional rights of the accused in a capital case, and assigned counsel are expected to assert the constitutional rights of the accused throughout the criminal proceedings. So far as the Court is aware, no other State surpasses the record of New York in this respect.

There is nothing in the record here to indicate that the assigned counsel have not been faithful to their trust. In the Court's view, they were not required to seek review by the United States Supreme Court, or having failed in this respect, to institute proceedings in this Court, if having fully explained to Wood his constitutional rights, Wood should have agreed that such a course was futile, or refused to let them proceed.

In the opinion of this Court, the administration of justice is not served in permitting volunteers, no matter how highly motivated, to undertake the representation of defendants who have already been represented by assigned counsel, and who have refused the volunteer's services.

The Court finds no authority for such a procedure, even where the volunteer may sincerely believe that the defendant's constitutional rights have been violated, or where the volunteer opposes capital punishment and seeks every possible course to prevent its imposition.

On the record here, the Court concludes that it has no jurisdiction of the petition brought by Mr. Redlich, a volunteer on behalf of Wood, contrary to Wood's expressed wish.

The Court is fully cognizant of the Supreme Court's admonition to indulge in all reasonable presumptions against the waiver of a fundamental constitutional right. Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393, 57 S.Ct. 809, 81 L.Ed. 1177 (1937); Hodges v. Easton, 106 U.S. 408, 412, 1 S.Ct. 307, 27 L.Ed. 169 (1883). A waiver of such rights must be "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); United States ex rel. Noia v. Fay, 300 F.2d 345, 350 (2d Cir.), cert. granted 369 U.S. 869, 82 S.Ct. 1140, 8 L.Ed.2d 274 (May 14, 1962). While the record here does not indicate whether at the time he wrote the letters to Mr. Redlich and to the respondent Wood was fully apprised of his rights, the Court finds no basis for holding that he was not so apprised during the long period of time that he had the advice of assigned counsel.

The Court is aware of Coleman v. Denno, 205 F.Supp. 510 (S.D.N.Y. May 25, 1962), now on appeal to the Court of Appeals for the Second Circuit [subsequently on Jan. 24, 1963 affirmed, 313 F.2d 457]. The denial of constitutional rights therein claimed is similar to that before the Court here, but the case differs in many respects. In Coleman, prior to the petition for habeas corpus in the federal district court, a request for the assignment of counsel during the post-appellate period was made to the New York Court of Appeals and denied. A subsequent petition for writ of certiorari on this point to the Supreme Court was also denied.

For the foregoing reasons the petition for a writ of habeas corpus is denied. This denial is predicated solely upon the Court's lack of jurisdiction, and is so limited.

The Court is informed that Wood is scheduled to be executed in Sing Sing Prison later today. In order to give Mr. Redlich, purportedly acting on behalf of Wood, an opportunity for appeal from this denial of the writ of habeas corpus, and to make application for a stay of execution to the Court of Appeals for the Second Circuit, a stay of execution to 4:00 p. m., February 4, 1963, is granted.

860

The respondent Wilfred L. Denno, Warden of Sing Sing State Prison, is directed to retain Frederick Charles Wood in his custody within this district, and to stay the execution of sentence of death upon Frederick Charles Wood until 4:00 p. m., February 4, 1963.

The foregoing, when transcribed by the reporter, with such corrections as the Court may make, and such additions or corrections which may be submitted by counsel with the approval of the Court, will constitute the opinion of the Court and the findings of fact and conclusions of law in this proceeding.

So ordered. (10:20 a. m., January 24, 1963).