# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Winslow

v.

Malcolm D. Sadler,
Executor of the Estate of
Martha S. Monfalcone

Case No. (Chancery) 9796

By JUDGE WILEY R. WRIGHT, JR.

May 23, 1980

The complainant instituted this suit on July 19, 1978, against Martha S. Monfalcone seeking, among other things, a declaratory judgment as to the validity of two leases on the real property known as 217 King Street, Alexandria, Virginia. The complainant and Martha S. Monfalcone had entered into a contract of sale dated March 13, 1978, by the terms of which the complainant had agreed to purchase this property. On July 14, 1978, Martha S. Monfalcone executed a deed of bargain and sale conveying the property to the complainant and left it with her attorney with instructions to deliver it to the settlement attorney following completion of the transaction. On July 17, 1978, the complainant appeared at settlement and tendered the required down payment and signed the necessary papers; however, the settlement was not consummated because the complainant, claiming that she had just been made aware of the two leases, filed this suit and a memorandum of lis pendens.

Martha S. Monfalcone died on April 11, 1979. In the meantime, the two leases expired on March 31, 1979, rendering moot the controversy which prompted the filing of this suit.

On September 26, 1979, Malcolm D. Sadler, Executor of the estate of Martha S. Monfalcone, was substituted as party defendant. Mr. Sadler has a direct interest in this litigation because, depending on the outcome. he will receive either one-third of the proceeds of sale or a one-half interest in the property.

On February 13, 1980, the complainant was granted leave to file her first supplemental bill of complaint, and Louise Sadler Brady, a residuary legatee under the last will and testament of Martha S. Monfalcone, was granted leave to intervene. This cause was heard ore tenus on March 7 and April 18, 1980, and, by agreement of counsel, the issue was limited to whether the complainant is entitled to specific performance of the contract of sale.

It is apparent that, after signing the contract of sale, Martha S. Monfalcone became concerned that the tenant of the upper two floors not be dispossessed or required to enter into a new lease at a higher rent by the complainant; and that after this concern was resolved to her satisfaction, she agreed that this suit be settled and the deed delivered to the complainant. Unfortunately, her death occurred before the agreement could be carried out. Subsequent to her death, the defendant declined, for reasons best known to him, to honor the settlement agreement.

During closing argument counsel for the defendant suggested for the first time that the complainant cannot be granted the relief she seeks because she has failed to make all of the heirs or devisees of Martha S. Monfalcone parties defendant. He said that the heirs or devisees are necessary parties.

Where the vendor of real estate dies without having conveyed the legal title to the purchaser, the general rule in the United States is that the heirs or devisees of the vendor are necessary parties to an action by the purchaser to compel such conveyance. 71 Am. Jur. 2d, *Specific Performance*, § 193. The case of *Key's Executors v. Lambert*, 11 Va. (1 Hen. and M.) 330 (1807), cited by the defendant is in accord with the general rule.

The complainant relies upon Code Section 64.1-148 to avoid the impact of the rule enunciated in *Key's Executors v. Lambert, supra.* She suggests that this statute and its predecessors, which were enacted subsequent to *Key's*, negated the requirement that the heirs or devisees of the deceased vendor be made parties defendant.

The Court is of opinion that, inasmuch as Code Section 64.1-148 gives a personal representative the authority to execute a deed following the death of the vendor and makes such transfer as effective as if it had been made by the deceased vendor, it is no longer required that the heirs or devisees be made parties defendant. Furthermore, the fact that Martha S. Monfalcone executed the deed prior to her death and instructed her attorney to make delivery thereof to the settlement attorney is in and of itself sufficient reason to hold that the heirs or devisees are not necessary parties.

Did the complainant forego her right to specific performance by filing this suit and the memorandum of lis pendens and thereby giving the settlement attorney cause not to complete the transaction? The evidence reveals that the sales agent for Martha S. Monfalcone led the complainant to believe that the tenant occupying the upper floors of the property was holding over on a month-to-month basis. It also reveals that the two written one-year leases of the upper floors (one lease for each floor) were not executed until after the contract of sale was executed, although they contain language stating that they represent a verbal agreement reached on January 1, 1978. Under these circumstances, the complainant was amply justified in filing this suit to test the validity of the leases.

As a general rule, a court of equity will not decree specific performance to a party who has himself refused to perform the contract or who has been guilty of such conduct as amounts to a refusal to perform it. This rule is inapplicable, however, where a vendee, with a knowledge of defects in the vendor's title, has refused to accept a deed conveying the only title the vendor was able to convey, and the defect in the title is subsequently cured. *See* 71 Am. Jur. 2d, *Specific Performance*, § 98.

To permit the defendant to take advantage of the fact that the complainant sought legal redress before accepting the deed would be inequitable. The complainant

was not the author of the problem and she should not be penalized for asking the Court to resolve it. Accordingly, the Court finds no merit to the contention that the complainant forfeited her right to specific performance.

The Court has considered the evidence and has reached the conclusion that the complainant has proven her entitlement to specific performance. The contract of sale is definite and certain in its terms and the circumstances of this case, when gauged by the general rules and principles applicable thereto, provide good reason for the Court to exercise its discretion in favor of the complainant.

The contract of sale requires that the property be conveyed free of any encumbrances. The property is subject to the lien of a first deed of trust held by Burke & Herbert Bank & Trust Company and the balance due on the note secured thereby on July 17, 1978, was $64,039.33. It was contemplated that the proceeds of sale in the amount of $35,327.16 would be applied toward the payment of the note and that Martha S. Monfalcone would make arrangements to pay the remaining $36,678.77, thereby permitting the release of the deed of trust.

The defendant contends that the estate of Martha S. Monfalcone is without sufficient finds to pay the balance due on the first deed of trust note and, therefore, he is unable to convey the property in accordance with the terms of the contract. The complainant challenges this assertion and says that if it proves to be true, she will accept partial performance and make a larger cash down payment.

The note payable to the Burke & Herbert Bank & Trust Company is a debt which must be paid along with the other debts of the estate, keeping in mind that there are certain debts which have statutory priority. It appears from the evidence that the assets of the estate, which include the funds derived from the sale of the furniture and furnishings bequeathed to the defendant, may be sufficient to satisfy all of the debts; however, if the defendant still contests this point, he will be permitted to file a detailed accounting setting forth the status of the estate when viewed in light of the ruling that specific performance will be decreed.

Although the point has not been heretofore addressed by the Court or counsel, it would appear that there are

two possible avenues of relief available to the complainant. The Court can either require the defendant to execute a new deed and deliver it to the complainant or direct that the defendant deliver the deed that was executed by Martha S. Monfalcone. The latter course would appear to be more consistent with what has heretofore transpired. If the latter course is chosen, it may have been desirable to make the attorney holding the deed a party defendant; however, the Court has no reason to doubt that he will abide the decision of the Court.

Counsel are requested to communicate with one another to determine if agreement can be reached on the form of relief to be granted and on the question of whether the estate will pay off the Burke & Herbert Bank & Trust Company note without an increase in the cash down payment made by the complainant. If agreement is reached, counsel for the complainant should submit a decree consistent herewith. Otherwise, the Court will hold a further hearing and rule on the unresolved matters.

September 18, 1981

The defendant, Malcolm D. Sadler, has demurred to the first amended bill of complaint. (The pleading to which the demurrer refers is actually entitled "First Supplemental Bill of Complaint.") A brief review of what has already transpired in this cause will put the demurrer in perspective.

The original bill of complaint was filed on July 19, 1978, against Martha S. Monfalcone. Thereafter, Martha S. Monfalcone died and her executor, Malcolm D. Sadler, was substituted in her place as the defendant. After the substitution, the complainant filed her first supplemental bill of complaint and an answer thereto was filed by the defendant. An ore tenus hearing was held on March 7 and 8, 1980, and, by agreement of counsel, the hearing was limited to the prayer for specific performance and the issue of damages was deferred. The Court rendered its decision in a letter opinion to counsel dated May 23, 1980, and a decree granting specific performance was entered on July 24, 1980.

On June 26, 1981, the defendant filed a motion to require election, demurrer to the first amended bill of

complaint, and cross-bill and petition. The complainant thereafter demurred to the cross-bill and petition and moved to strike it. At the conclusion of oral argument on August 12, 1981, the Court overruled the demurrer to the cross-bill and petition, denied the motion to strike the cross-bill and petition and took the demurrer to the first amended bill of complaint under advisement. The Court will address the several grounds of the demurrer in the order in which they were stated.

The defendant is correct in his assertion that, inasmuch as he was made a substituted defendant as a result of the death of Martha S. Monfalcone, he has been sued in his representative capacity and not in his individual capacity. It is clear from an examination of the record that the defendant was made a party defendant in his capacity as executor of the estate of Martha S. Monfalcone. This conclusion will require that, for the sake of consistency, the Court reverse its ruling granting the complainant leave to amend paragraph 8 of the first supplemental bill of complaint. Inasmuch as the defendant has not been sued in his individual capacity, damages cannot be awarded against him in this cause other than in his representative capacity.

The Court finds no merit in the second ground stated by the defendant. As previously stated, a trial has already been held to determine whether the complainant was entitled to specific performance; and I fail to perceive how the fact that the original action sought a declaratory judgment would foreclose the complainant's claim for damages.

The defendant also asserts that the first amended bill of complaint, as amplified by the complainant's answers to interrogatories, fails to state a cause of action. The defendant lists several points in support of this ground of the demurrer.

The first point is that the complainant is seeking damages for breach of contract as well as specific performance. A close reading of the first supplemental bill of complaint and the complainant's answers to interrogatories refutes this point. It is apparent that the complainant is not seeking damages for breach of the contract, but rather compensation for delay in conveyance of the property. *See* 71 Am. Jur. 2d, *Specific Performance*, Section 217.

The Court agrees that a cause of action for punitive damages has not been stated against the defendant and the estate of Martha S. Monfalcone, jointly and severally. As previously noted, the defendant has been sued only in his representative capacity. Furthermore, the Court is of opinion that the complainant may not recover punitive damages against the estate of Martha S. Monfalcone. The complainant has sought equitable relief and an equity court cannot grant punitive damages. *Colonna Dry Dock Company v. Colonna*, 108 Va. 230, 61 S.E. 770 (1908) (by implication); *Coca Cola Co. v. Dixi-Cola Laboratories*, 155 F.2d 59 (4th Cir. 1946); *United States v. Hart*, 86 F. Supp. 787 (E.D. Va. 1949).

The defendant's next point is that punitive damages cannot be recovered in the absence of compensatory damages, and compensatory damages cannot be recovered in an action where specific performance is granted. This contention is disposed of by the ruling of the Court that the complainant may not recover punitive damages in this cause.

The Court is unaware of any authority in Virginia that would grant or recognize the power to award counsel fees in a suit for specific performance. Accordingly, the demurrer will be sustained as to this point.

The Court is of opinion that the complainant's decision not to seek damages against Martha S. Monfalcone because no damages are alleged to have been caused during her lifetime does not preclude her from seeking relief for the acts or omissions of the executor of her estate subsequent to her death.

The final point made by the complainant in support of the third ground of the demurrer is well taken because, as previously noted, the defendant was not sued in his individual capacity.

In light of the foregoing, the demurrer will be partially sustained.